# Taylor *v.* Taylor *et al.*

## *Ejectment.*

### (Decided June 30, 1909. 40 South. 375.)

1. *Executors and Administrators; Execution Against; Property Subject.*—Lands descend immediately to the heirs of the decedent, and therefore, an execution against a personal representative in his personal or representative capacity cannot run against the lands of his estate.

2. *Partition; Partition Proceedings; Collateral Attack.*—The fact that purchasers at an execution sale of a decedent's land under a judgment against the administrator contested an application by the heirs for partition of the land, did not, under section 3176, Code 1896, destroy all jurisdiction theretofore acquired or render all subsequent procedings void so as to be open to collateral attack in an ejectment suit by the contestants against the purchasers of the partition sale.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by W. R. Taylor against Ruthy Taylor and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The cause was tried on an agreed statement of facts as follows: That one William Taylor, deceased, was at the time of his death on the——day of —— the owner of the following described lands, to wit: (Here follows a description of the land.) That on the—— day of ——Joseph Taylor, a son of the deceased, qualified in the probate court of St. Clair county, Ala., as the administrator of the estate of the said William Taylor, and that pending his said administration, and more than six months after he had so qualified, Ruthy Taylor, Martha Taylor, and Margaret Taylor instituted suit in the circuit court of St. Clair county against the said Joseph Taylor as such administrator of said estate, for the recovery of the sum of $500 alleged to be due them

from the estate of said William Taylor, deceased, being a debt alleged to be due them from said deceased. That pending such suit said Joseph Taylor was removed from such administration of such estate, and one Buel Taylor was appointed and qualified as the administrator de bonis non of said estate, and that said suit was revived in the name of such administrator de bonis non, and on the 15th day of April, 1903, at a regular term of the circuit court of said county, said plaintiffs recovered judgment against the said Buel Taylor as such administrator de bonis non for the sum of $500 and the cost of suit, which judgment it is agreed was a valid judgment in all respects. That subseuqent to the rendition of such judgment said Taylor resigned as such administrator de bonis non of such estate and made his final settlement of such administration; such judgment not having been paid or otherwise settled. That, prior to the resignation and prior settlement of said Buel Taylor, execution was duly issued out of such circuit court on said judgment against the said Buel Taylor as such administrator and placed in the hands of the sheriff of St. Clair county, Ala. That subsequent to the resignation of said Taylor as such administrator de bonis non the said lands hereinbefore described were levied on and sold by J. L. North, as such sheriff, for the satisfaction of such judgment so rendered against said Buel Taylor as said administrator in the said circuit court. That said levy and sale was in all things in conformity to the law with reference to sales of real estate under execution from the circuit court. That on the 27th day of March, 1905, the lands were sold under this execution at public outcry, and that the plaintiffs in the judgment bought at and for the sum of $450 and received a sheriff's deed therefor, a copy of which is made an exhibit to this agreement. It is then agreed substantially that these execution pur-

chasers resided on part of the land at the time they received their deed, and that they thereupon set up claim to all the land, although there was no visible change of possession, as they only actually occupied and cultivated a portion of said land. It is then agreed that on the 15th day of June, 1905, Sis Mize, A. J. Taylor, and others filed in the probate court of St. Clair county a petition for the sale and equitable partition and division of said land (the petition is made an exhibit); that said petitioners were heirs at law of said William Taylor, and that said Ruthy Taylor, Martha Taylor, and Margaret Taylor were named as joint owners, they being also heirs at law of said William Taylor; that these last-named parties were cited to appear, and did appear in the probate court, and contested said application to sell, and filed their answers setting up claim to said land under such alleged execution sale. It is then agreed substantially that on the 14th day of May, 1906, the probate court made and entered a decree of sale and appointed a commissioner, who made the sale of the lands under the decree in conformity to law, and made his report, which report was confirmed, and deed ordered made to the purchaser; that the purchaser at said last sale was C. S. Taylor. It is agreed that the sale was in all respects regular and in accordance to law. It is then agreed that C. S. Taylor made deed to W. R. Taylor, the plaintiff in this suit, and that he went upon the lands with W. R. Taylor and put him into possession of the same. It is further agreed that at the time of sale under execution the estate of William Taylor owned no personal property. It is further alleged that the money which the lands brought at the partition sale was paid into court, and by the court paid out to all the owners except the three defendants in this suit, and that their money is yet in the hands of the court unclaimed by

them. It is further agreed that, if C. S. Taylor would be entitled to recover, then this plaintiff would be entitled to recover.

J. P. MONTGOMERY, for appellant. Execution does not run against the land of a decedent's estate under judgment against the administrator whether in his personal or representative capacity.—3 Brick, 305. The words, lands and tenements in an execution, will be treated as surplusage.—*Speigner v. Farquhar,* 82 Ala. 569; 3 Mayf. 756. The contest by the creditors did not render the proceedings for partition void under section 3176, Code 1896, so·as to render same subject to collateral attack.—*Hillens v. Brinsfield,* 108 Ala. 605; *Burns v. Meadows,* 90 Ala. 140; *Knabe v. Rice,* 106 Ala. 516.

M. M. SMITH, and J. A. EMBRY, for appellee. The probate court was without jurisdiction to order or decree a sale of the land.—*Hillens v. Brinsfield,* 108 Ala. 605; *Sellers v. Freedman,* 100 Ala. 499.

MAYFIELD, J.—This was a statutory action of ejectment. Both parties claimed title through a common source, viz., William Taylor, deceased, who was also the father and common ancestor of all the parties. Plaintiff bases his claim and title on a commissioner's deed and a sale of the lands in the probate court of St. Clair county, under section 3178 .et seq. of the Code of 1896 for division and distribution between the heirs of William Taylor, the joint owners of the lands. The defendants base their claim and title upon the sheriff's sale and deed under an execution against the personal representative of Wm. Taylor, the common ancestor, which antedated the sale in the probate court. The trial was had upon an agreed statement of facts, which the reporter

will set out in substance at least. The trial court gave the general affirmative charge for the defendants, and refused a like charge to the plaintiff, and these two rulings are assigned as error.

Both assignments are good, and must be sustained. An execution against the personal representative of a deceased person in his personal or representative capacity cannot run against the lands of the decedent's estate. —*Speigner v. Farquhar,* 82 Ala. 569, 3 South. 47; 3 Mayfield's Digest, p. 756. The lands of an intestate, at common law and under our statutes, descend immediately to his heirs. The administrator takes no estate or interest in them; hence a judgment against him in any capacity cannot bind the lands. It has always been the policy of the law to prevent lands of a decedent from being subject to legal process issuing against personal representatives. Lands of an intestate are liable to process issuing against the heirs, because they are the owners, but not to that issuing against the personal representative, because he is not the owner, and has no interest therein, except that which the statute gives him of intercepting the possession and retaining it, if necessary, to collect rents, or to sell to pay debts in such cases, and in such mode and proceedings, and such only, as the statute authorizes and directs, and the statutes have never authorized him or the creditors to sell it under an execution against the personal representative. If there be no necessity for renting, or for the sale of the lands for the purpose authorized by the statutes, the personal representative, of course, cannot intercept the possession for the purposes of thus administering the land. The administrator has no authority to charge the lands for any purpose, except as given him by statute; for at common law lands could not be sold for the debts of the decedent, and under our law they can be sold for

[Taylor v. Taylor, et al.]

such purposes only under the conditions and in the modes prescribed by the statute. Every step the personal representative takes as to the lands is antagonistic to the rights of the heirs or devisees.—*Chandler v. Wynne*, 85 Ala. 309, 4 South. 653; *Lee v. Downey,* 68 Ala. 98. It follows, therefore, that no title passed to the defendants, appellees here, by virtue of the sheriff's deed, based solely, as it was, upon a levy and sale under an execution against the administrator.

It is admitted as a part of the agreed statement of facts upon which the trial was had that the probate court acquired jurisdiction to sell the lands in question for division among the joint owners, the parties to this suit, if the petitioners were such joint owners, and if the jurisdiction was not defeated and destroyed by the assertion of an adverse claim or title to the lands by the defendants who claimed under the execution sale. It is unnecessary to decide whether or not the asserted adverse claim in the probate court was sufficient to prevent the sale or further proceeding in the probate court. Under section 3176, whatever might be the merit in the adverse claim, or whatever the probate court should have done in the premises when the claim was asserted it was not sufficient to destroy all jurisdiction theretofore acquired, nor to render all subsequent proceedings therein absolutely void, or void in a collateral attack like this. When the claim was first asserted in the probate court, it seems, that court ruled that it could proceed no further in the matter, and an appeal was taken by the petitioners to the circuit court, and that ruling of the probate court was reversed by the circuit court, after which the probate court proceeded to judgment and ordered the sale, which was made and confirmed by the court, and a deed was made by the commissioner to plaintiff, as purchaser, in accordance with the decree of

the court. All parties interested in the land were properly served, and appeared as provided by law, and contested the proceedings in the probate court. No appeal was taken from the decree of the probate court ordering, or from that confirming, the sale. They stood, at the time suit was brought and at the time of trial, as apparently valid judgments or decrees of a court of competent jurisdiction; and the proceedings are certainly not void on their face, like the sheriff's levy and sale under the execution was. No direct attack seems to have been made on the proceedings in the probate court, and they cannot be assailed in a collateral attack, like this action of ejectment.—*Whitlow v. Echols,* 78 Ala. 206, and cases cited.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.