# Werten *v.* K. B. Koosa & Co.

*Action Against Landlord for Damage to Goods.*

(Decided Feb. 3, 1910.   Rehearing denied June 30, 1910.
53 South. 98.)

1. *Landlord and Tenant; Injury to Goods of Tenant; Complaint; Sufficiency.*—In an action by a tenant against a landlord for damage to goods on account of defective water pipes, a count alleging that one or more water pipes in the building burst or leaked so that the water escaped therefrom, and came through the upper story of the building upon plaintiff's goods, whereby they were destroyed and

[Werten v. K. B. Koosa & Co.]

the defendant was wantonly and wilfully negligent in that he knew several weeks before the accident that the pipes were defective and wantonly and wilfully failed to cut off the water or to repair them, was sufficient to support a judgment in favor of the plaintiff upon a general attack.

2. *Same; Evidence; Jury Question.*—Under the evidence in this case it was a question for the jury whether the plaintiff attempted to catch the water and whether he could have prevented or mitigated the damages by putting receptacles under the leak.

3. *Judgment; Presumption; Complaint to Sustain.*—Where the sufficiency of the complaint is questioned by a general attack upon the judgment, the strict rule indulged against the pleader on demurrer is not applicable, and in such a case all doubts and intendments are resolved in favor of rather than against the sufficiency of the complaint.

4. *Same; Default; Effect; Proof of Cause of Action.*—The judgment by default for damages to a stock of goods precludes the defendant from questioning the injury or the manner in which it is inflicted, as the defendant is bound by the averments of the complaint in this respect.

5. *Damages; Duty to Minimize.*—It is the duty of one injured by the acts of another to use all reasonable and convenient care to diminish the amount of his own pecuniary damages.

6. *Evidence; Opinion; Value.*—Where the action was for damages to a stock of dry goods, and it appeared that the witness had been in the dry goods business for seven or eight years in that vicinity, and was familiar with the class of goods in question, and that he had examined the injury to stock, stating its value before and after its injury, such witness was shown to have such knowledge of the goods as to be competent to testify as to their value.

7. *Same; Condition of Goods.*—Where the witness was asked what was the condition of the goods and answered that the goods were almost worthless, a motion to exclude such answer on the ground that it was not responsive, and was a conclusion of the witness, was properly denied.

8. *Same; Conclusion of Witness.*—Where the action was by a tenant against the landlord for injury to a stock of goods occasioned by the bursting of water pipes and leakage upon the goods, a question to a witness as to whether it was practicable for the water to have been caught in tubs so as not to injure the goods, called for the mere conclusion of the witness.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by K. B. Koosa & Co. against Henry Werten. From a judgment in favor of plaintiff, defendant appeals. Reversed.

This was an action of damage to goods owned by the tenants, against the landlord, alleged to have come from

defective pipes and a failure of the defendant to remedy the defect. A former report of the case will be found in 158 Ala. 496, 48 South. 544. The allegations of the first count are: That plaintiffs leased and rented from defendant a storehouse, No. 119 Twenty-First street, in the city of Birmingham, and that the said storehouse is on the first floor of a three-story building known as the "Stewart Building," located as above stated, for the purpose of carrying on a dry goods business therein; plaintiffs having occupied said storehouse since October, 1904, and carried therein a large stock of dry goods and notions, the property of the plaintiffs. That defendant is the owner of said storehouse and building, and that there are a number of pipes running through the different portions of said building for the purpose of carrying water to and from the closets and lavatories of said buildings. That on the 1st of November, 1904, one or more of said pipes burst or leaked, so that large quantities of water escaped therefrom, and leaked through the two upper stories of the aforesaid building, and upon the goods, merchandise, and other things of value of plaintiffs, a large portion of which were destroyed, and another large portion injured and rendered less valuable. Plaintiffs aver that defendant was negligent, in that he used a defective or unsound pipe or pipes in the rear end of the hallway on the third floor, for the purpose of conveying water to said floor, and by reason thereof said pipes burst and allowed the water to escape. The second count is similar to the first in all respects, except that the averment of negligence is that the pipes used in the rear end of the hallway on the third floor for the purpose of conveying water to that floor were defective or unsound, and unable to hold or control said water, by reason wereof it escaped and damaged plaintiff. The third count contains the same alle-

gations as the first count, down to the averment of neg-
ligence as follows: That defendant was wantonly and
willfully negligent, in that he knew, several weeks prior
to the bursting of the aforesaid pipes, that the same
were defective and unsound, and willfully and wantonly
failed to cut off said water from them, or properly re-
pair them, until said pipes burst, to the great damage
of the plaintiff.

Judgment for default was entered, and on applica-
tion was refused to be set aside, and trial was had to
ascertain the amount of damages. The testimony of the
witness Craig, objected to, was as follows: That wit-
ness examined the portion of the stock thus injured, and
to the best of his judgment the reasonable market value
of the goods in Birmingham prior to their injury was
about $700 while their reasonable market value imme-
diately after such injury was about $200. It was shown
that the witness had been in the dry goods business,
both wholesale and retail, in the city of Birmingham for
the past eight years, and was familiar with the class
of goods in question, and their price in Birmingham.
The witness Dougherty testified that he was familiar
with the stock of goods carried by the plaintiffs, and
that they did not carry any secondhand goods; that the
stock was new. Whereupon he was asked the following
question: "What was the condition of the goods?" And
replied: "The condition appeared to be such that the
goods were almost worthless." The defendant moved
to exclude this answer, on the ground that it was not
responsive to the question, and was a conclusion of the
witness. The other facts sufficiently appear in the opin-
ion.

The following charge was refused to the defendant:
"(1) It was the duty of plaintiff to exercise reasonable
care and prudence to preserve their goods from injury,

and they cannot recover damages for injuries suffered, which might have been avoided, by the exercise of such care."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. It is insisted, first, that the complaint did not state a cause of action, and that the court erred in rendering judgment thereon for the plaintiff.— *Charlie's T. Co. v. Malone,* 48 South. 705; *Buckley v. Cunningham,* 103 Ala. 452; *Bullock v. Coleman,* 136 Ala. 613; *Burke v. Bragg,* 89 Ala. 204; 18 A. & E. Enc. of Law, 215. Where a complaint fails to state a cause of action it is unquestionably insufficient to support a judgment.—*L. & N. v. Duncan,* 137 Ala. 447; *C. of Ga. v. Freeman,* 134 Ala. 356; *Southern Ry. v. Bunt,* 131 Ala. 595. Counsel discuss assignments of error relative to evidence but without citation of authority. Counsel further insist that it is the duty of one injured by the act of another to use all reasonable and convenient care to diminish the amount of his own pecuniary damages.—*G. P. R. R. Co. v. Fullerton,* 79 Ala. 298; *M. & C. R. R. Co. v. Hembree,* 84 Ala. 186; *L. & N. v. Hines,* 121 Ala. 239. We therefore, insist that the court erred in refusing the charges asserting these propositions.

FRANCIS M. LOWE, and CHARLES J. DOUGHERTY, for appellee. The judgment by default concluded defendant as to the injury and manner thereof, and he could not introduce evidence showing that he was not liable at all.—*Drake v. Johnson,* 50 Ala. 1; *Curry v. Wilson,* 48 Ala. 638; *Dunlap v. Horton,* 49 Ala. 412; *Koosa & Co. v. Werten,* 48 So. 546. The court did not err in its rulings on the evidence as to the value of the goods.— Sedg. on Dam. 595 and 696-7; 12 A. & E. Enc. of Law,

[Werten v. K. B. Koosa & Co.]

475; *Louisville J. Co. v. Lischkoff,* 109 Ala. 141. The witness Craig qualified as an expert.—*So. Ry. v. Morris,* 143 Ala. 628; *Sloss v. Inman,* 129 Ala. 424; *Am. Oak Ex. Co. v. Ryan,* 112 Ala. 238; *Koosa v. Werten, supra.* Counsel discuss other assignments of error, but without citation of authority.

ANDERSON, J.—There was a default judgment in this cause; but the appellant insists upon a reversal of this case because the complaint does not state a cause of action and will not, therefore, support the judgment. It may be that counts 1 and 2 fail to state a cause of action.—*Charlie's Transfer Co. v. Malone,* 159 Ala. 325, 48 South. 705. But we think that count 3 does state a cause of action and is sufficient to support a judgment. See count 6 in the *Transfer Case, supra.* We do not understand that the strict rule to be indulged against a pleader on demurrers is applicable when the sufficiency of the complaint is questioned by a general attack upon the judgment, and think that in the latter instance all doubts and intendments should be resolved in favor of, rather than against, the sufficiency of the complaint. The third count avers that the pipes were maintained by the defendant, that his injury was caused by the bursting or leaking of the pipes, and that defendant, knowing of the condition of said pipes, negligently failed to repair same or to cut off the water. It may be that the defective condition of the pipes did not cause them to burst; but the complaint does not ground the proximate cause of his injury to the bursting of the pipes alone, but to the defect in same, in that they leaked, that defendant knew of the defect, and negligently failed to remedy same or to prevent injury to the plaintiff by shutting off the water. We do not mean to hold that this count would be good as against a demurrer, but we do hold that it is sufficient to support the judgment.

We think the witness Craig showed such knowledge of the goods as to testify as to the value of same before and after injury, and the court did not err in refusing that part of his showing pointed out by defendant's motion to exclude.

There was no error in refusing to exclude the answer of Dougherty as to the condition of the goods. Whether responsive or not, it was not subject to the grounds assigned, as it was a shorthand rendering of facts for the jury to determine in ascertaining the extent of the damage to the goods.

The judgment by default precluded the defendant from questioning the injury or the manner in which it was inflicted, as he was bound by it as averred in the complaint, and the trial court did not err in declining to let the witness Malone testify as to the condition of the water-closet and whether or not any of it had bursted.—*Koosa v. Werten,* 158 Ala. 496, 48 South. 546; *Dunlap v. Horton,* 49 Ala. 412.

The question to the witness as to whether or not it was feasible or practicable for the water to have been caught in tubs or other receptacles, and thereby kept the water from coming in contact with the goods, was but the conclusion or deduction of the witness, and the trial court will not be put in error for sustaining the objection to same.

"It is the duty of one injured by the act of another to use all reasonable and convenient care to diminish the amount of his own pecuniary damage."—*Ga. Pa. R. R. v. Fullerton,* 79 Ala. 302; 1 Sedgw. on Damages (7th Ed.) p. 56; *M. & C. R. R. v. Hembree,* 84 Ala. 186, 4 South. 392; *L. & N. R. R. v. Hine,* 121 Ala. 239. 25 South. 857. Charge 1, requested by the defendant, asserted the law and should have been given. It was not abstract, as there was evidence from which the jury

could infer that the damage to the goods could have been avoided or diminished by putting vessels under the leaks. Indeed, the plaintiffs showed that they tried to catch the water in vessels, but could not keep it from the goods. On the other hand, Malone testified that they had no vessels to catch the water, and also testified to the location and character of the leak, and it was for the jury to determine whether or not plaintiffs attempted to catch the water, and whether or not they could have prevented or mitigated the damage by putting receptacles under the leak or leaks.

For the error above suggested, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.

