# Van Houtan *v.* Black, *et al.*

## *Bill to Quiet Title.*

(Decided January 14, 1915. Rehearing denied February 4, 1915. 67 South. 1008.)

1. *Guardian and Ward; Sale of Realty; Petition; Confirmation.*— In order to invoke the jurisdiction of the probate court to confirm a sale of the undivided interest of an infant in real property, a petition must be filed, stating a case within the statute, although imperfectly stated; while it is enough to sustain the proceedings against a collateral attack that the necessary facts are stated colorably or inferentially, they must be stated in some way, and the relief sought must be within the power of the court.

2. *Same; Validity of Decree.*—A decree of the probate court confirming a sale of the interest of an infant in real property which is beyond the limited power of such court to make, is not sustainable on the ground that the statute under which the court acted, or supposed itself to be acting, was doubtful in its meaning, and therefore that the court had a right to determine its own jurisdiction, since the law of every case is fixed, and parties are conclusively presumed to know such law.

3. *Same; Joinder and Sale by Other Tenant.*—Under section 5253. Code 1907, the guardian of a minor may join other tenants in common in selling land, publicly or privately, for a division of the proceeds; but where an owner of·an undivided interest in the land devised a part of such undivided interest to each of his minor children, their guardian could·not join with the other owners of such undivided interest in a sale thereof, the entire fee not having been included in such sale, as the provision of the statute is for a form and method of partition which cannot ordinarily be had of an undivided interest, and although the legislature might provide therefor, it cannot be assumed that it intended so to provide, especially as the average purchaser is not easily tempted to buy a fractional interest in the property.

4. *Statutes; Construction; Extrinsic Facts.*—The fact that many titles to land, acquired in good faith, depend upon a construction of a statute, contrary to the plain meaning of the statute, cannot have the effect to require the adoption of such construction.·

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Abraham Van Houtan against H. H. Black and others, to quiet title to certain land. Judgment for respondents, and complainant appeals. Affirmed.

The answer of Black admits that complainant is the owner of an undivided 101/105 interest in and to the lands described in the bill, and that he, the defendant, is the owner of an undivided 4/105, and he derives his title as follows: John T. Shugart, while in life was seised and possessed of an undivided 1/15 interest in and to real estate, and left surviving him his widow, Alice D. Shugart, and seven named children. That Shugart left a last will and testament, a copy of which is attached and marked "Exhibit A," and under said will Forest, Florence, Alice, and John Shugart each received an undivided 1/105 interest in and to the real estate described. That by decree of the court of chancery of Jefferson county, Ala., on December 18, 1909, in a case in which Alice D. Shugart and others were complainants, and Roland T. Shugart was respondent, it was decreed that the respective interests of the said minor children of the said John T. Shugart should be sold. The sale was made, reported, and regularly confirmed, and the court made and executed a deed to Curtis S. Shugart, the purchaser, conveying to him all the right, title, and interest of said minor children. The answer then recites a judgment in the city court of Birmingham for Jackson and Lydia Jones against Curtis S. Shugart, execution on said judgment, a levy of the same on Shugart's interest in the land, notice of said levy, etc., sale under it, and sheriff's deed regularly made to defendent H. H. Black. The answer was made a cross-bill, and it was asserted that the land could not be equitably divided, and partition was

[Van Houtan v. Black, et al.]

sought. Complainant claims through a deed executed to him by Alice D. Shugart, guardian of the four above-named minors, under a petition by her setting forth the age of the minors, the description of the land, and the interest of each of the minors therein, and it is alleged that there was no valid authority to sell said interest of said minors vested in any person by the terms of any instrument under which said minors hold such interest, and that such sale was not prohibited or restricted by such or any instrument. Petitioner further represents that, as guardian of said minors, she has joined with the other tenants in common of said land, viz., Roland and Mamie Shugart, and on her own personal behalf, into a written agreement for the private sale of said above-described land to Abraham Van Houtan for a division of the proceeds thereof for the sum of $500 in cash for the entire interest in the said property of the said tenants in common, and that the price agreed to be paid for the same was fair and reasonable, and that the said sale be consummated and confirmed, and that all the purchase money is now in her hands for distribution. A day was set for hearing this petition, and a guardian ad litem appointed, and on the hearing, the court adjudged and decreed that the sale be, in all things, confirmed, and that the guardian execute and deliver to Abraham Van Houtan a conveyance of the interest of each of said minors in said real estate. A deed followed, executed by Alice D. Shugart individually and as guardian and as executrix, and the deed was also signed by Roland and Mamie Shugart.

SINNOTT & KEENE, and M. LEE BONNER, for appellant.

BURGIN, JENKINS & BROWN, for appellee.

[Van Houtan v. Black, et al.]

SAYRE, J.—Bill by appellant to settle the title to a fractional interest in a certain tract of land. Appellant claimed the interest in suit by virtue of a guardian's deed and the provisions of article 3 of the chapter on Partition, Code of 1907. Appellee Black claimed through a subsequent proceeding in the chancery court. Relief was awarded to appellee on his cross-bill, in which he contended that the proceeding under which appellant claimed was void for lack of jurisdiction in the probate court.

In the probate court the guardian of four minor children, who along with adult children of John T. Shugart, deceased, owned an undivided 4/105 interest in the land, represented that she on behalf of the minors had joined with the other owners of said fractional interest in a sale of that interest at a fair and reasonable price, and asked the court's approval of what she had done. The sale was thereupon approved and confirmed by decree of the probate court at the end of a proceeding which followed the form of the statute. It thus appears by necessary inference that in her agreement for a sale, or her sale subject to the court's approval the guardian did not join with "the other tenants in common," if by its requirement that there shall be such joinder the statute intends that the entire fee must be made to pass by such proceeding.

(1, 2) "One proposition may be laid down at the outset. It is that, inasmuch as the authority of the guardian to make, and of the court to permit, an absolute sale of the infant's lands is limited to the grant of powers conferred by the Legislature, the terms of such grant should be carefully followed. Sales made in utter disregard of the precautions wisely interposed by law are absolutely worthless."—Schouler, Dom. Rel., § 361. To invoke the jurisdiction of the probate court

under the statute it was necessary that a petition be filed stating, however imperfectly, a case within the purview of the statute.—*Whitlock v. Echols,* 78 Ala. 207, It is enough to sustain the proceeding on collateral attack that the necessary facts are colorably or inferentially stated; but they must be stated in some way, and the relief sought must be within the power of the court. Any argument that would sustain a decree without the limited power of the court to make, on the ground that the statute under which the court acted, or supposed itself to be acting, was dubious in its meaning, and that hence the court had the right to determine its own jurisdiction, is specious at best, and necessarily unsound. The law of every case is fixed. It is for the courts only to declare authoritatively the law as it is, however painful or uncertain the process often is. Parties charged with notice of the record of such proceedings must be conclusively presumed to know the law involved, for otherwise there could be no security of rights, no end of litigation.

(3) Section 5253 of the Code, the section of article 3 of the chapter on Partition which declares the right conferred by that chapter, the rest being given to process and procedure, provides as follows: "In all cases in which any person of unsound mind or any minor shall hold an interest as tenant in common with others in one or more parcels of land or realty in this state, and there shall be no valid authority to sell such interest vested in any person by the terms of any instrument under which such person of unsound mind or such minor holds such interest, and such sale shall not be prohibited or restricted by such instrument; it shall be lawful for the guardian of such minor or person of unsound mind to join the other tenants in common in selling any such parcel of land or realty for a division

of proceeds thereof, such sale to be made either publc-
ly or privately, and upon such terms as to payment
and security for unpaid installments as such guardian
may deem to the interest of his ward, subject, however,
to such sale being set aside as hereinafter provided."

We have already virtually stated the question to be
whether the authority given by the statute to the guard-
ian contemplates a grant of such authority in cases
only where a disposition of the entire fee is to be made.
The statute provides the guardian with no authority
to sell the land of his ward, or to enter into an agree-
ment for sale subject to the court's approval, except
to sell "such parcel of land or realty for a division of
the proceeds thereof." In other words the provi-
sion is for a form and method of partition. Now,
the rule followed by the courts, to quote the lan-
guage of Judge Freeman in 30 Cyc., p. 180, is that:
"There can be no partition of an undivided interest.
The estate sought to be partitioned must be such that,
if a parcel is assigned to any party, his estate therein
will be an estate in severalty; and, if a sale is directed,
its effect must be to transfer to the purchaser a like
estate."

Parties sui juris may, by contract, arrange a parti-
tion in kind, or a sale for division in lieu of partition,
with a different result, and so, it may be conceded, may
the Legislature provide; but, in view of the rule of the
courts, it is not to be assumed, in the absence of some
language of that import, that the Legislature has in-
tended so to provide, for that would make confusion
worse confounded, and foster a future of complicated
and burdensome litigation.—*Ware v. Vignes,* 35 La.
Ann. 288.

(4) If this were the case of one minor owning an
undivided interest, the rest of the estate being divided

among several owners sui juris, there could be no reason to doubt that it would be necessary for the guardian of the infant owner to join with all the other tenants in common in order to sell the land for a division of the proceeds thereof under authority of the statute. There is good reason for this limitation upon the power granted to guardians. The average purchaser is not easily tempted to buy a fractional interest in property, especially so where the interest is small and the policy of the enactment, while allowing private sales, is to safeguard the interest of minors by requiring the joinder of adult tenants in common and a sale of the entire parcel of land or realty. Neither the letter nor spirit of the enactment was observed in the transaction under consideration. The effort was to extend the statutory provision to a case not within its letter or policy, and we are agreed with the chancellor that the effort was abortive, and that the purchaser acquired no title.—*Moore v. Gulf Refining Co.,* 124 La. 607, 50 South. 596. Appellant states in his brief that many titles, acquired in good faith, depend upon his construction of the law. We are not advised as to that, though it is scarcely probable that many titles have become involved in the peculiar predicament here shown during the brief life of the statute. At any rate, that consideration cannot be permitted with judicial sanction to work a change in what appears to be the plain meaning of the statutes.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFEN-RIED, JJ., concur.