# Tribble *v.* Wood, *et al.*

*Bill For Partition.*

(Decided May 20, 1915. 68 South. 986.)

*Partition; Parties; Undivided Interest.*—Where both complainant and defendant based in part their claim of title to the north half of a certain tract of land on a sale under execution against the executor of a former owner of the entire tract, and it appeared that three of the six children of such former owner were permitted to redeem their respective interests, which were set off to them in the

south half of the tract, and that one of the other children and her husband redeemed or purchased the north half and subsequently executed deeds to the defendant, and that J., one of the children, was insane, and had not recognized the title of the purchaser at the execution sale by a redemption, nor made any conveyance of her interest, and that she was not a party to the bill, the sale under execution against such executor was invalid as to her, and the bill for partition could not be maintained, since partition of an undivided interest will not be decreed, and that, notwithstanding the manner in which the other children had dealt with the property, all the interests were undivided as to J.; one co-tenant may not convey a partial interest set off by metes and bounds without the consent of another, nor can the covenant of one to have an interest set aside in a particular part of a common tract be enforced against the other.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Eli Wood and others, against George Tribble for partition of land. Decree for complainants, and respondent appeals. Reversed and rendered.

J. L. DRENNEN, for appellant.

JOHN W. CHAMBLEE, and ROSCOE CHAMBLEE, for appellee.

SAYRE, J.—For an understanding of the nature of this case, and, in a general way, the facts upon which it depends, reference may be had to the opinion prepared by the present writer on a former appeal.—*Tribble v. Wood*, 186 Ala. 329, 65 South. 73. On the return of the cause to the court below, appellant's cross-bill was amended with a view to having the first deed made by Caroline and Eli Wood, complainants, conveying to cross-complainant a one-sixth interest in the 40-acre tract, reformed so as to operate as a conveyance of a one-third interest in the north half of the same tract. Otherwise, the cross-bill remained unchanged. No new evidence was offered, and upon the second submission the chancellor made a decree in effect denying the re-

13—193

lief prayed in the cross-bill and granting relief to the original complainants in accordance with the view of the law and the facts that had been here expressed.

On a former day of this term on this appeal we again considered the evidence in connection with the amended cross-bill and the contentions set forth in the briefs of counsel, and then arrived at the conclusion that there was no evidence of a mutual mistake of fact which would authorize a reformation of this deed. We are still convinced of the general correctness of the opinion then expressed, but, for reasons to be stated, have now reached the conclusion that the entire cause should be put out of court. The opinion first prepared and handed down on this appeal appearing now to serve no necessry purpose, and needing perhaps in any event some change of expression in respect of the effect of John's purchase and sale, it has been withdrawn.

At all times heretofore—that is, on both submissions in this court—all parties in their briefs have based their claim of interest in the property in part at least on title derived from Col. John, who purchased at a sale under execution against the executor of the former owner. Complainants had no other title to the property or any part of it, except that Caroline Wood took under the devise a one-sixth interest in the 40-acre tract. It must be held, in order if possible to give some effect to her deed to cross-complainant, that her deed to him, to the extent it described the interest she took under the will, vested that interest in her grantee. Eli Wood had no interest except such as he acquired by his deed from John. Cross-complainant, claiming to own the entire tract, found it necessary to deraign title from John as to the interest that had been devised to Jane Pratt. This for the reason that Jane was insane

and nobody except John had ever undertaken to dispose of the interest devised to her. Dealing with the case as presented by the briefs and, evidently, as it had been presented to the chancellor, we ordered an affirmance.

Claiming the entire fee in the property, though having no evidence of title to the Jane Pratt interest except his deed from complainant, who claimed that interest through John, cross-complainant nevertheless in his cross-bill, in its original shape and as amended, alleged that he had been advised, and upon such advice averred, that the sheriff's deed to John was insufficient to divest the title in and to said property out of the devisee under the will of the former owner. But now, on rehearing, for the first time cross-complainant directs attention in his application and brief to the fact that no valid title can be traced through John for the reason pointed out in *Taylor v. Taylor*, 162 Ala. 162, 50 South. 375. This must be conceded; but we have no doubt that the cause was disposed of by the chancellor on both submissions to him without his attention being drawn to this consideration, as has been the case here.

We have thus been brought to notice for the first time that, while on the facts noted in the opinion on former appeal the invalidity of John's title had no effect upon the interests vested by the will of the former owner in the five other devisees, this consideration cannot be applied to the interest of Jane Pratt, who has neither recognized John's title by redeeming, so to speak, from him, nor made any conveyance of her interest; she being insane. Her interest is still outstanding in her. It is to be noted also that, though the parties have not heretofore so stated the case in their briefs,

the Jane Pratt interest is in fact the only subject of contention between them.

Such being the case, the court will not, on a bill for partition or sale in lieu of partition, undertake to make a decree purporting to dispose of the entire fee and so of an interest to which, as it affirmatively appears, none of the parties before the court have any title. If the case were one in other respects proper for a decree of partition as between the parties of record, the court could not decree such relief in the absence of the Jane Pratt interest, for partition of an undivided interest will not be decreed.—*Van Houtan v. Black,* 191 Ala. 168, 67 South. 1008. Notwithstanding the manner in which the other devisees have dealt with the property, all interests are undivided as to her, for the reason that one cotenant may not convey a partial interest set off by metes and bounds without the consent of another, nor can the covenant of one to have an interest set aside in a particular part of the common tract be enforced against another. Jane Pratt has not been a party to previous dealing with the property, nor can her undivided interest be affected by this proceeding in her absence.

If only the interests of the parties to this record were involved, we probably would not entertain cross-complainant's suggestion concerning John's title made in briefs for the first time at this late date. But, as we have seen, the integrity of the court's processes is involved, and the cause must be set right.

On the considerations stated, the opinion handed down on a former day of this term is withdrawn, and a decree will be here entered reversing the decree and dismissing the cause. The costs of this appeal and of the court below will be equally divided between the com-

plainants on one hand and defendant (cross-complainant) on the other.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.