# Cairns *v.* Moore.

## *Malicious Prosecution.*

(Decided June 30, 1915.   69 South. 579.)

1. *Pleading; Construction; Presumptions.*—Where the court was one of general jurisdiction, and no demurrer was filed to the complaint, all intendments as to the sufficiency of the complaint are to be so resolved as to uphold the court's exercise of jurisdiction upon the pleadings filed.

2. *Malicious Prosecution; Wrongful Attachment; Complaint.*— Where the action was for damages for suing out a wrongful attachment, the complaint characterizing the act as wrongful, malicious and vexatious, sufficiently negatived the existence of probable cause for the issuance of the attachment.

3. *Same; Termination of Proceedings.*—Where the action was for wrongful attachment, an entry on the minute book showing the granting of a motion to dissolve the attachment, was sufficient to prove the termination and disposition of the attachment proceedings.

4. *Same; Probable Cause; Advice of Counsel.*—Where the action was for wrongful attachment, and the evidence did not show that a full and fair statement of all the facts had been made to an attorney, a charge asserting that if defendant acted upon the advice of a reputable practicing attorney, after a full and fair statement of all the facts, in good faith and without malice, punitive or exemplary damages could not be awarded, was properly refused.

5. *Same; Malice; Corporate Officers; Definition.*—An instruction that an officer of a corporation making an affidavit of attachment in behalf of his corporation, is not personally liable, unless actuated by malicious motives, failed to define malice, and was otherwise misleading.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Morton K. Moore, against T. C. Cairns. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the complaint as amended: Plaintiff, M. K. Moore, claims of defendant, T. C. Cairns, the sum of $10,000 for wrongfully, maliciously, and vexatiously suing out or causing to be sued out in a certain cause pending in the circuit court of Jefferson county, Ala-

bama, under the name and style of *Cairns-Piper Iron Company, a Corporation, v. Railway Standard Test & Materials Company and M. K. Moore,* being numbered 7383 on the docket of said court, a writ of attachment against said M. K. Moore, and maliciously and vexatiously causing same to be levied, and the following property of plaintiff distrained and held under said writ of attachment, until, to wit, the 21st day of June, 1911, to wit: 1 cupola, 15 moulds, 1 lot of sand, 1 blower, piping and fixtures therefor, also one bay mare, the property of plaintiff, in Jefferson county, Alabama.

And plaintiff avers that he was deprived of the use of said property, that he and his business of manufacturing, which he was then organizing, was crippled and destroyed; plaintiff was caused to lose his interest in the tract of land he was then occupying, and on which was situated said machinery; that same greatly depreciated in value. And plaintiff further avers that he was inconvenienced and annoyed, and caused to suffer mental pain and anguish, and his credit damaged and injured and impaired by the acts complained of, and further that plaintiff was compelled to employ counsel and to incur expenses in connection therewith, and to become liable for attorney's fees, all to his damage by reason of the matter complained of, and further that plaintiff was deprived of the land on which said machinery was located, and the value of said attached property was depreciated or lost to plaintiff, by reason of the acts complained of. Plaintiff avers that said attachment suit was dismissed prior to the institution of this action, and said attachment and levy dissolved and discharged, all to plaintiff's damage in the sum aforesaid.

ALLEN, FISK & TOWNSEND, for appellant.

FORNEY JOHNSTON, for appellee.

McCLELLAN, J.—This action was instituted by the appellee against the appellant. It is in case, not on the attachment bond.—*Brown v. Master*, 104 Ala. 451, 16 South. 443; *Lane v. Ala. Penny Bank*, 185 Ala. 656, 64 South. 608. The report of the appeal will contain the amended complaint on which the trial was had. To this complaint no demurrer was interposed.

(1) It is insisted here that the complaint does not state a cause of action. Whether it was sufficient, had objections to it been pointed by demurrer, is a question not presented, and necessarily not considered or decided. In such circumstances, the court being one of general jurisdiction, all intendments will be so resolved as to justify the court's exercise of jurisdiction upon the pleading filed.—*Werten v. Koosa & Co.*, 169 Ala. 258, 53 South. 98; *Peters v. State*, 193 Ala. 598, 69 South. 576.

(2) Giving appropriate effect to the rule stated, the complaint must be interpreted as stating a cause of action for malicious prosecution, though it contains averments that might be appropriate to a complaint charging abuse of legal process.—*Brown v. Master, supra,* treating the first count in the complaint there considered. The act of suing out, or causing to be sued out, the writ of attachment described in the complaint under consideration, is characterized as being wrongful, malicious and vexatious. The term "wrongfully," conjoined, as it is, with the terms "maliciously" and "vexatiously," comprehends the essential negation of the existence of probable cause.—*Brown v. Master*, 104 Ala. 451, 460, 461, 16 South. 443. The decision in *Hamilton v. Maxwell*, 119 Ala. 23, 24 South. 769, was invited by an ac-

tion on the attachment bond. Its doctrine has no serviceable application to the matter under review. In this cause the burden was on the plaintiff to show, if he sustained his asserted right to recover, the concurrence of malice and the want of probable cause in suing out the writ of attachment, or in causing it to be sued out. Of course, exemplary damages may be awarded the plaintiff when those conditions are shown to have characterized the issuance of the process. The amended complaint stated a cause of action.

(3) The minute entry, at page 764 of the Minute Book No. 42, in cause No. 7383, granting the motion of the defendant Moore in that cause, afforded full proof of the termination and disposition of the proceedings in attachment, on which the present action for abuse of process is based.

(4) The following special instruction was requested by, and refused to, the defendant: "I charge you, gentlemen of the jury, that if you believe from the evidence that the defendant, T. C. Cairns, in procuring the attachment, acted upon advice furnished to Piper, an executive officer of the Cairns-Piper Iron Company, by a respectable practicing attorney, after a full and fair statement of all the facts within the knowledge of Piper, said Cairns, acting in good faith, without malice, and with no desire to vexatiously harass this plaintiff, you cannot find any punitive or exemplary damages against this defendant."

The court cannot be put in error for refusing that request. While there is evidence of a statement to attorneys by Piper of facts and circumstances pertinent to the matter of the indebtedness to collect which the attachment proceeding was instituted on an affidavit made by the defendant, there is no evidence that the facts and

circumstances, recited in the bill of exceptions as having been detailed to the attorney or attorneys by Piper, were, as the refused instruction hypothesized, "a full and fair statement of all the facts" bearing on the case, "within the knowledge of Piper," or those known to the defendant.—*Motes v. Bates,* 80 Ala. 382, 386; *Jordon v. A. G. S. R. R. Co.,* 81 Ala. 220, 8 South. 191; 26 Cyc. 34, 35; *Steed v. Knowles,* 79 Ala. 446. As clearly appears from these, among other, authorities, the fair disclosure to the legal adviser of all the facts bearing on the case, known to the party seeking the legal advice, or which might have been ascertained by reasonable diligence, lays at the foundation of the doctrine whereby legal advice, honestly and fairly invited, and with like good faith acted upon, is available to a defendant whose liability rests upon the presence of legal malice or the want of probable cause, and the instruction quoted omits to hypothesize any character of diligence in respect of the ascertainment of facts or circumstances, either by Piper or by defendant.—Authorities, supra.

(5) The court refused this special instruction, requested by the defendant: "(6) I charge you, gentlemen of the jury, that an officer of a corporation, making an affidavit of attachment in behalf of his corporation, is not liable for such act personally in punitive damages, unless in making such affidavit he was actuated by malicious or improper motives."

There was no error committed in its refusal. It was calculated to mislead the jury. Personal ill will, or desire for revenge, or other base passion, on the part of the actor against the defendant in the attachment proceeding, is not essential to make the act of the character here complained of malicious. "Whatever is done will-

[Cairns v. Moore.]

fully and purposely, whether the motive be to injure the defendant, to gain some advantage to himself, or through mere wantonness or carelessness, if it be at the same time wrong and unlawful within the knowledge of the actor, is in legal contemplation maliciously done." —*Alsop v. Lidden,* 130 Ala. 548, 553, 30 South. 401, 403; *Hicks v. Swift Creek Co.,* 133 Ala. 411, 425, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38.

Malice, in the view of the law, should have been defined in the requested instruction, in order to avoid the tendancy to mislead the jury to the conclusion that the presence of a personal malevolence, and an active, and acted upon, purpose to vent it through the attachment proceedings, were essential to render the actor liable in punitive damages—for that matter, liable at all, since the action here under review cannot be sustained unless malice, as the law contemplates it, was present to color the act complained of.

The memoranda, bench notes, and the minute entries on the records of the circuit court of Jefferson county, made in the attachment proceedings, were clearly not erroneously admitted in evidence.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., con cur.