# Morrison, *et al. v.* Clark.

## Automobile Accident.

(Decided October 19, 1916.   Rehearing denied December 8, 1915.
70 South. 200.)

1. **Appeal and Error; Assignments; Review.**—Where no assignment of error is based upon the overruling of a demurrer to a complaint, the complaint will be considered as if no demurrer had been interposed, in testing its sufficiency to sustain the judgment, and if a substantial cause of action was stated, and the judgment is responsive to the complaint, a defendant cannot complain of defects therein that would subject the complaint to demurrer, and in construing the averments, all doubt and intendment will be resolved in favor of complaint.

2. **Pleading; Complaint; Sufficiency.**—All the averments of the count must be considered in determining whether it states a substantial cause of action.

3. **Same.**—The 1st and 2nd counts considered and each held sufficient to state a cause of action, and to sustain the judgment, where there was no assignment of error predicated on the overruling of demurrers thereto; each being construed as if no demurrer had been interposed.

4. **Motor Vehicles; Injury From; Agency; Jury Question.**—Where the evidence tended to show that defendant's son, who was driving the automobile when it collided with defendant, was the agent of defendant in the operation of the car, defendant was not entitled to the affirmative charge on the ground that the evidence did not justify the finding that the driver of the automobile was defendant's agent.

5. **Pleading; Variance.**—Under rule 34, Circuit Court Practice, it is not error to refuse the affirmative charge on the ground of variance where the

variance was not brought to the attention of the trial court by proper objection to the evidence, or some other proper method.

6. **Motor Vehicles; Negligence; Jury Question.**—Where the bill of exceptions recited that there was evidence tending to show a willful and wanton infliction of the injury, and that by proper care on the part of the driver of the automobile the accident could have been avoided, and that such driver was defendant's agent, the affirmative charge as to the willful and wanton count, as well as a charge denying punitive damages, were properly refused.

7. **Appeal and Error; Record; Matters Presented.**—Where the bill of exceptions purports to set out no more than the tendencies of the evidence, the refusal of a new trial and the refusal of special charges cannot be reviewed.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

(This cause was reviewed by the Supreme Court on petition for certiorari to the Court of Appeals, and the writ was denied. See 195 Ala. 680, 70 South. 1014.—Reporter.)

Action by Sarah E. Clark against John M. Morrison and others for damages for being struck by an automobile. Judgment for plaintiff, and defendants appeal. Affirmed.

The first count alleges that about August 10, 1912, while plaintiff was in a vehicle, to-wit, a buggy, on a public highway in the city of Birmingham, an automobile operated by defendant ran upon or against or into said buggy, and as a proximate consequence thereof plaintiff was thrown or caused to fall. (Here follows catalogue of injuries.) "And plaintiff avers that said automobile ran upon or against or into said buggy on the occasion aforesaid, and plaintiff suffered said injuries and damages by reason and as a proximate consequence of the negligence of the defendant, in this: Defendant negligently caused or allowed said automobile to run upon or against or into said buggy on the occasion aforesaid." In count 2 the stating clause is the same as 1, with the allegation that defendant's servant or agent in charge or control of said automobile, acting within the line and scope of his authority as such, wantonly, or intentionally caused plaintiff to suffer from said injuries and damages, by wantonly or intentionally causing or allowing said automobile to run upon or against or into said vehicle, in which said plaintiff was on the occasion aforesaid, well knowing that so to do would likely or probably cause great personal injury.

The bill of exceptions recites that plaintiff introduced testimony which tended to show that plaintiff at the time and place claimed in the complaint, while riding along the public streets

[Morrison, et al. v. Clark.]

in the city of Birmingham in a buggy being drawn by a horse, in company with her husband, who was driving the horse, the buggy in which plaintiff was riding was run into or struck by an automobile, which was being driven at the time by one Truman Morrison, whom the evidence tended to show was the servant of defendant so to do, and that George Gayhart was in the automobile riding with Morrison; that it was on account of the negligence and wantonness of the driver of the automobile that caused the collision, and that as a result of the automobile striking the buggy, which plaintiff was in, plaintiff suffered the injuries and damages claimed in the complaint. Defendant introduced evidence tending to show that Truman Morrison was the son of John Morrison, and that on this occasion he was driving a car for his own pleasure, that his father knew nothing about it, and that he was not employed to drive the car, and other evidence of like effect.

ALLEN, FISK & TOWNSEND, for appellant. HARSH, BEEDOW & FITTS, for appellee.

BROWN, J.—(1-3) While the demurrer interposed to the complaint was overruled, no assignment of error is predicated on this ruling; therefore, in testing the sufficiency of the complaint to sustain the judgment, it must be considered as if no demurrer had been interposed. In other words, if a substantial cause of action is stated, and the judgment is responsive to the complaint, the appellant cannot complain of defects that would subject the complaint to demurrer, and in construing the averments all doubt and intendment must be resolved in favor of, rather than against, the complaint.—*American Bonding Co. of Baltimore v. New York & Mexican Whiting Co.*, 11 Ala. App. 578, 66 South. 847; *Werten v. K. B. Koosa & Co.*, 169 Ala. 263, 58 South. 98; *Walker v. Mobile, etc., Ins. Co.*, 31 Ala. 529. In determining whether the counts of the complaint state a substantial cause of action, all the averments of the count must be considered, and when thus considered, both counts of the complaint state a substantial cause of action and are sufficient to sustain the judgment of the court.—*Barfield v. Evans*, 187 Ala. 579, 65 South. 928; *Barbour v. Shebor*, 177 Ala. 304, 58 South. 276.

(4) The insistence that the affirmative charge as to the whole case should have been given, because the evidence did not

justify the finding that Truman Morrison, who was operating the car, was the agent of the defendant, cannot be sustained, in the face of the statement in the bill of exceptions that the evidence tended to show that said Truman Morrison was the defendant's agent to operate the car.

(5) Neither can the assignment predicated on the refusal of a like charge as to the first count be sustained because of a variance between the averments and the proof, in the absence of a showing in the record that the variance was brought to the attention of the trial court by proper objection to the evidence.—Rule 34, Circuit Court Practice, 175 Ala. xxi; *Woodward Iron Co. v. Steel*, 192 Ala. 538, 68 South. 473.

(6) The bill of exceptions recites: "Plaintiff's testimony further tended to show that by proper care on the part of the driver of the automobile causing the injury the accident could have been avoided, and tended to show willful and wanton infliction of the injury complained of."

And when this statement is considered in connection with the further statement that the evidence also tended to show the person driving the car "was the agent of the defendant so to do," the affirmative charge as to the second count, as well as the charge denying the plaintiff the right to recover punitive damages, was properly refused.

(7) The bill of exceptions does not purport to set out all the evidence, but only the tendencies of the evidence. Therefore the assignment of error predicated on the refusal of a new trial cannot be sustained, and for like reasons the assignments of error predicated on the refusal of the several charges to appellant are not sustained.—*Southern Ry. Co. v. Kendall, Infra,* 69 South. 328; *Sanders v. Steen,* 128 Ala. 633, 29 South. 586; *Clardy v. Walker,* 132 Ala. 264, 31 South. 78; *Southern Ry. Co. v. Herron,* 12 Ala. App. 415, 68 South. 551; *Alabama Terminal Co. v. Benns,* 189 Ala. 590, 66 South. 589.

Affirmed.