(87 South. 325)

**FULLER v. VINCENTELLI.** (3 Div. 473.)

(Supreme Court of Alabama. Jan. 27, 1921.)

**1. Insane persons ⊕71 — What petition for sale of property for reinvestment of proceeds should allege stated.**

As against a demurrer a petition under Code 1907, §§ 4411, 4412, by guardian to sell property of ward for reinvestment of proceeds, must state the purpose for which the sale is asked, the necessity or propriety of the sale, and the condition of the estate, and facts and circumstances tending to show that the sale is necessary or expedient.

**2. Insane persons ⊕71—On collateral attack, presumptions in favor of petition for sale of property for reinvestment of proceeds.**

In the construction of a petition for sale of ward's property for reinvestment of proceeds when collaterally assailed, every reasonable intendment from the language will be made in support of its sufficiency and validity.

**3. Insane persons ⊕71—Petition for sale of property for reinvestment of proceeds held good as against successful bidder at sale.**

Under Code 1907, §§ 4411, 4412, authorizing sale of property of ward for reinvestment of proceeds and providing that application of guardian must state the facts showing that the interest of the ward would be promoted by the sale and reinvestment, a petition by guardian describing the property and alleging ownership subject to lease and that ward derived from property a very small income and that said property could now be sold for a good price, and proceeds invested to bring a greater income, though demurrable, is good on objection of successful bidder at sale; guardian ad litem having made no objection thereto.

**4. Insane persons ⊕71 — Court should see that proceeds of sale of property are safely invested.**

Under Code 1907, § 4411. authorizing sale of property of ward for reinvestment, probate court should exercise the discretion invested in it to direct the reinvestment with a view of safety rather than the mere enhancement of income.

Appeal from Probate Court, Montgomery County; Chas. B. Teasley, Judge.

Application by Michael Vincentelli, as guardian of Mary Vincentelli, non compos mentis, for the sale of certain property with reinvestment of the proceeds. From a decree granting the relief prayed for, H. B. Fuller, as guardian ad litem, appeals. Affirmed.

The only question raised on the appeal is whether the application set out sufficient facts to confer jurisdiction upon the court, and this question was not made until after the sale and by the attorney for the successful bidder when passing upon the title.

H. B. Fuller, of Montgomery, for appellant.

The petition did not contain the necessary averments to confer jurisdiction. Section 4412, Code 1907; 78 Ala. 206; 191 Ala. 48, 67 South. 1004; 191 Ala. 168, 67 South. 1008; 5 Blackf. (Ind.) 402; 59 Iowa, 533, 13 N. W. 705; Hopk, Ch. (N. Y.) 122; Woerner, Am. Law of Guardianship, 238.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The question being jurisdictional and not of pleading, all intendments are in favor of the sufficiency of the petition. 29 Ala. 542; 78 Ala. 206; 125 Ind. 106, 25 N. E. 148; 191 Ala. 168, 67 South. 1008. The petition was sufficient. 191 Ala. 168, 67 South. 1008; 105 Ala. 615, 16 South. 920, 53 Am. St. Rep. 146, and authorities cited by appellant.

SOMERVILLE, J. This appeal is taken by the guardian ad litem from a decree of the probate court of Montgomery county ordering a sale of certain city real estate of a non compos mentis for reinvestment of the proceeds, on the petition of her lawful guardian.

Section 4411 of the Code provides that—

"The court of probate may authorize the guardian to sell any property of the ward, and direct the investment of the proceeds in bonds, notes, or bills of exchange at interest on mortgage security, or in other property or securities, in the name of the ward."

And section 4412 provides that—

"To obtain such order of sale the guardian must make application in writing, verified by affidavit, describing the property sought to be sold, and *stating the facts* showing that the interest of the ward would be promoted by the proposed sale and reinvestment." (Italics supplied.)

The petition herein exhibited is duly verified, and after describing the property to be sold, and alleging the ownership of the ward as subject to a one year lease to expire on October 1, 1920, it concludes with this averment:

"That she (the ward) derives from said property a very small income, and that said property can now be sold for a good price, and the proceeds of said sale can be invested in property or securities bringing a greater income, and of greater value to said ward than the said property, whereby the interest of said ward would be promoted by said sale and reinvestment."

No objection was taken by the guardian ad litem, by demurrer or otherwise, to the sufficiency of the allegations of the petition, and, upon the testimony taken by deposition and submitted to the court, the sale was duly ordered, made, reported, and confirmed.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The assignments of error attack the validity of the order of sale and of the subsequent proceedings, on the ground that the petition fails to meet the requirement of the statute (section 4412) that the facts should be stated showing that the interest of the ward would be promoted by the proposed sale and reinvestment; and that therefore the petition did not confer jurisdiction on the court in the premises.

In Daughtry v. Thweatt, 105 Ala. 617, 16 South. 920, 53 Am. St. Rep. 146, decided prior to the present statute, it was said that—

"The jurisdiction conferred on the judge of probate could not be called into exercise, without an application disclosing good cause for the sale of property real or personal."

In that case the facts showing the required conclusion were fully set out in the petition, and the petition was held as sufficient in its jurisdictional averments of fact.

So, also, in Holton v. Rogers, 191 Ala. 48, 67 South. 1004, where the facts showing the comparative advantages of the property to be sold and the property to be bought with its proceeds were set out in detail, the petition was held as sufficient for jurisdictional purposes, on a collateral attack.

In Van Houtan v. Black, 191 Ala. 168, 172, 67 South. 1008, 1009, it was said of a guardian's sale under statutory authority:

"It is enough to sustain the proceeding on collateral attack that the necessary facts are colorably or inferentially stated; but they must be stated in some way. * * *"

[1] The general rule, deducible from the authorities acting under statutes like ours, is that as against demurrer the petition "must state the purpose for which the sale is asked, the necessity or propriety of the sale, and the condition of the estate and facts and circumstances tending to show that the sale is necessary or expedient." 21 Cyc. 127; Womble v. Trice's Guardian, 112 Ky. 533, 66 S. W. 370.

[2] But it is well settled that—

"After the proceedings have progressed to a decree of sale, a sale made thereunder, and rights of property have attached, * * * in the construction of the petition, when collaterally assailed, every reasonable intendment from the language will be made in support of its sufficiency and validity." Whitlow v. Echols, 78 Ala. 206, 208; King v. Kent, 29 Ala. 542.

And it is now settled by repeated decisions that this rule must be applied on appeal, also, where there is no demurrer to the complaint and only a general attack is made upon the judgment. Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 South. 98; Cairns v. Moore, 194 Ala. 102, 69 South. 579. As pointed out in Whitlow v. Echols:

"The rule does not authorize *presumptions* of *jurisdictional* facts; but applies only to the construction of the phraseology of the application, in determining whether the jurisdictional facts are shown, after the matter has ceased to be a question of pleading, and the proceedings have ripened into a decree, and property rights have accrued, and the decree is collaterally assailed." (Italics supplied.)

[3] Although the petition here exhibited is clearly subject to appropriate demurrer, yet, within the rule announced in Van Houtan v. Black, 191 Ala. 168, 67 South. 1008, we think the petition states the necessary facts at least "colorably or inferentially," and is sufficient on general attack like this to support the jurisdiction and sustain the decree of the court.

[4] The record does not show any order directing or authorizing the reinvestment of the proceeds of the sale, and no point is made with respect thereto. That matter is left by the statute (Code, § 4411) to the sound discretion of the probate court, but it is proper to suggest that that discretion ought to be exercised in all cases, and especially in cases like this, with a view to the safety of the reinvestment rather than to the mere enhancement of its income return. See Petition of Brooks Mason, Guardian, Hopk. Ch. (N. Y.) 122, where some wise observations were made on this subject.

Let the orders and decree of the probate court be affirmed.

Affirmed.

All the Justices concur.