162 So. 570

**CITY OF ANNISTON v. GREENE.**

**7 Div. 135.**

Court of Appeals of Alabama.

June 28, 1935.

**514**

Jas. F. Matthews, of Anniston, for appellant.

Roy M. Woolf and Knox, Acker, Sterne & Liles, all of Anniston, for appellee.

RICE, Judge.

Appellee brought his suit against the city of Anniston claiming damages on account of personal injuries received by falling into an unlighted ditch or ravine, as a result of a defect in one of the sidewalks of said city.

The single count of his complaint was unchallenged by demurrer; appellant choosing, instead, to file its pleas and proceed to trial.

After verdict and judgment in appellee's favor, appellant filed its motion to set same aside and grant it a new trial. The motion was overruled.

Upon this appeal, the sole alleged error, and the sole ground upon which same is claimed, that is, even cursorily argued to us, is that the trial court erred in failing to set aside said verdict and judgment because the complaint stated no "substantial cause of action."

The statute, of course, provides that: "No judgment can be * * * set aside, for any matter not previously objected to, *if* the complaint *contain a substantial cause of action.*" Code 1923, § 7858.

■ The rule for construing a complaint, to see whether or not it contains a *substantial cause of action,* when it is attacked, as *here,* is thus stated by Mr. Chief Justice Anderson, then associate justice, in the opinion for our Supreme Court written by him in the case of Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98, 100, to wit: "We do not understand that the strict rule to be indulged against a pleader on demurrers is applicable when the sufficiency of the complaint is questioned by a general attack upon the judgment, and think that in the latter instance *all doubts and intendments should* be resolved in *favor of,* rather than *against,* the sufficiency of the complaint." (Italics ours.)

■ Considering the complaint before us in the light of the quoted rule, and in the light of Code 1923, § 2029, we entertain no doubt that it was sufficient, as against the attack made, to support the judgment. If there were defects in it, and there were, they were only such as might have been readily amended had appropriate demurrer been interposed. See Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; Cairns v. Moore, 194 Ala. 102, 69 So. 579; Parker **v.** Jefferson County, 209 Ala. 138, 95 So.

364; and Morrison et al. v. Clark, 14 Ala. App. 323, 70 So. 200.

The judgment is affirmed.

Affirmed.