## HEIFNER v. PORTER & SIMMONS.

1. " The south half of section 11, township 15, range 9, with the exception of eighty acres at the west end; and a lot donated for a school house, of land in the Coosa land district," is a sufficient description of the premises sued for, in an action of trespass to try title.

Error to the Circuit Court of Benton.

TRESPASS to try title, by the plaintiff in error. The land sought to be recovered, is described in the declaration, as the south half of section eleven, range nine, township fifteen, of land in the Coosa land district, with the exception of eighty acres at the west end, and a lot donated as a school house.

To this declaration the defendant demurred, and the court sustained the demurrer, and rendered judgment for the defendant, which is now assigned as error.

T. D. CLARKE, for the plaintiff in error. 1. The description of the premises sued for is sufficiently certain. [Adams on Ejectment, 18 to 26; Talbot v. Wheeler, 4 Day's R. 448; Hawn v. Norris & B., 4 B. R. 77; Sturdevant v. Merrell's heirs, 8 Port. R. 317, and cases there cited.]

2. It is sufficient to describe lands by the numbers, according to the survey of the U. S. [Sturdevant v. Merrell, above cited.] Here the description is by the number in the survey, and the exception of eighty acres, could be easily made by the sheriff, upon the suggestion of the plaintiff at his peril, and this is sufficient. [Adams on Eject. 21; Collingham v. King, Burr. R. 623; Conner v. West, Ib. 2672; Talbot v. Wheeler, 4 Day's R. 448.]

3. The exception " of 80 acres at the west end," is an exception of a legal sub-division of the section known in the survey, and could, without the least difficulty, be excluded in delivering possession; therefore, there is not the least un-

certainty as to the part to be excluded, and the part and number of acres really sued for.

4. The lot " donated for a school-house," excepted in the declaration, is in the nature of a *public privilege or easement*, and the sheriff should give possession, subject to the public easement. [Adams, 18, 19 ; 2 Johns. 357 ; Perley v. Chandler, 6 Mass. 454 ; Jackson v. Hathaway, 15 Johns. 467.]

5. The description must be regarded as of the entire half section, and the exceptions cannot vitiate.

A. J. WALKER, for defendants in error. The demurrer to the declaration was properly sustained. The description of the land is not certain to a *common intent*, nor is it such as would enable the sheriff to give possession, in the event of a recovery by plaintiff. The same objection is applicable to each count in the declaration. [Jenkins v. Noel, 3 Stewart's Rep. 60 ; Sturdevant v. The heirs of Merrell, 8 Port. 317.]

There is no such description of plaintiff's title, or allegation of his ownership of the land, as is necessary.

ORMOND, J.—We think the land sought to be recovered by this action, was sufficiently described in the declaration. It is stated to be the south half of a section, which is designated by its appropriate description in the land office, except eighty acres at the west end. Eighty acres is a legal subdivision of land, the boundaries of which are ascertained by the government surveys, and the exception of eighty acres, at the west end of the south half section, is precisely equivalent, to an exception of the west half, of the south west quarter of the section, and the consequence is, that the plaintiff sues for the remaining three eighty acre tracts.

The other exception, is " a lot donated for a school-house." We can not perceive how this can vitiate a description, which is in other respects precise and definite. It it merely an admission, that upon the premises sued for, there is a lot, which has previously been dedicated for the purposes of a school, and for which the plaintiff does not sue, or seek a recovery, though he may recover the two hundred and forty

acres covered by his declaration. This cannot possibly affect the defendant; for if the plaintiff is entitled to recover the entire tract, it is wholly unimportant to him, whether a donation has, or has not been made for a school-house. In the language of this court, in Sturdevant v. Merrill, 8 Porter, 323, it is only necessary to describe the land, with so much particularity, and precision, as will inform the defendant what he is to defend against, and the court for what it is called on to render judgment. That is done in this case, and the judgment must be reversed, and the cause remanded.