## SIMS & HOWELL *vs.* THOMPSON AND WIFE.

[REAL ACTION UNDER CODE IN NATURE OF EJECTMENT]

1. *Description of land.*—"The west half of the south-east quarter, and twenty-five acres off the west end of the south-west quarter, of the north-east quarter; all in section fifteen, township sixteen, range eight,"—held a sufficient description of the land sued for, both in the complaint and in the judgment entry.
2. *Costs.*—When final judgment by default is rendered without the intervention of a jury, the defendant is not liable for costs, unless the record affirmatively shows that proof was made that he was in possession at the commencement of the suit; but the erroneous imposition of costs, in such case, will be amended on error at his costs.

APPEAL from the Circuit Court of Benton.
Tried before the Hon. E. W. PETTUS.

THIS was a real action, under the Code, in the nature of an ejectment. The judgment was by default final without the intervention of a jury. The errors assigned are—1st, that the description of the land sued for is not sufficient to support the judgment; and, 2d, the rendition of judgment for costs against the defendant.

ALEX. WHITE, for the appellant, cited the following authorities: On the first point, Bennett v. Morris, 9 Porter, 172; Fenwick v. Floyd, 1 H. & G. 172; and on the second point, Code, § 2218.

JAS. B. MARTIN, *contra*, contended,—1. That the description of the land was sufficient.—Heifner v. Porter & Simmons, 12 Ala. 470; Sturdevant v. Merrill, 8 Porter, 323; Huffaker v. Boring, 8 Ala. 87; Crommelin v. Minter, 9 Ala. 594; 3 Stew. 60; 4 Day, 448.

2. That it must be presumed that proof of the defendant's possession was made in the court below.—3 Ala. 109; 16 Ala. 541; 14 Ala. 822; 3 Stewart, 339.

3. That the error in the imposition of costs was, at most, a mere clerical misprision, which would be corrected at the appellant's costs.—Drane v. King & Devitt, 21 Ala. 557; Powell v. Hadden's Executors, 21 Ala. 745; Smith v. Robinson, 11 Ala. 270; Spence v. Rutledge, 11 Ala. 590; Code, §§ 2401, 3037.

STONE, J.—The land sued for is described in the same terms in the complaint and in the judgment entry. The description is, "The west half of the south-east quarter, and twenty-five acres off the west end of the south-west quarter of the north-east quarter; all in section 15, township 16, range 8." It is objected that these terms are too general and indefinite.

This question has been frequently before this court; and it has uniformly been held, that if the description inform the defendant what he is to defend, and the sheriff of what he is to deliver possession, it is sufficient.—See the authorities cited by counsel.

It is true that the metes and bounds of the 25 acres are not given. They may, however, be easily ascertained, by any surveyor. They are to be taken off the west end—excluding, of course, the east end. Running a line north and south, at a proper distance from the western boundary, will give the required quantity.

This position is not destroyed or weakened by the fact that a surveyor's services may be required to settle the boundaries. Such is not unfrequently the case. When land corners and boundaries are notoriously and permanently marked, litigation in regard to them is not likely to spring up.

What we understand by reasonable certainty in this

connection, is, that necessary *data* shall be furnished, from which the true boundaries may be certainly learned. *Id certum est, quod certum reddi potest.*—Drane v. King, 25 Ala. 556.

In giving judgment against the defendants for costs, we think the circuit court erred. No plea was interposed, and judgment was rendered by default final. In such case, the defendant is not liable for costs, unless proof be made that he was in "possession of the premises, or some part thereof, at the commencement of the suit."—Code, § 2218. Neither can we intend that this proof was made in the court below. The judgment was by default final, without the intervention of a jury. To justify the judgment, the record should affirmatively show that the proof was made.

In Ivey v. McQueen, the circuit court had improperly rendered judgment against plaintiff in error for costs. This court reversed the case, and rendered the proper judgment here, at the costs of plaintiff in error. That case is identical in principle with the present, and must control it. 17 Ala. 408.

The judgment of the circuit court, so far as it adjudges costs against appellants, is reversed, and here corrected, at the costs of appellants.