## RAYBURN vs. ELROD et al., Trustees.

[REAL ACTION IN THE NATURE OF EJECTMENT.]

1. *Description of land; what sufficiently certain to authorize recovery, in action of ejectment.*—Land described in a deed as "a certain part of the S. E. of the S. E., section 29, range 6, township 8, containing two acres, more or less, including the meeting-house and camp ground, with privilege of water during worship," may be recovered by action of ejectment.

2. *Minutes of quarterly conference; when admissible to prove who are trustees.*—The minutes of a quarterly conference of the M. E. Church, South, are admissible to prove who are the trustees of a church building within the circuit of the conference.

APPEAL from DeKalb Circuit Court.
Tried before Hon. W. J. HARRALSON.

The complaint in this case is as follows:

"Wm. Freeman, A. N. Lowry, B. L. Elrod, W. A. Elrod, and Wm. Justice, plaintiffs,

vs.

Samuel K. Rayburn, defendant.

The plaintiffs, who sue as the Methodist Episcopal Church, South, located in DeKalb county, Ala., and known as the Sulphur Spring Church, and who are successors to James Cave, Aaron Hall, A. S. Long, Samuel Hall, and Thomas Stagner, former trustees of said church, and their successors by appointment to the office of trustees, sue to recover the following tract of land, viz: A part of the south-east quarter of the south-east quarter of section twenty-nine, in range six, township eight, embracing the land occupied by the Sulphur Spring church ground, together with the sulphur spring, known as the Sulphur or Chalybeate Spring, adjacent to, and on the west side of, said camp ground, supposed to contain two acres of land, a part of said section twenty-nine, which said tract of land is situate in DeKalb county, State of Alabama," &c., &c., following form in Code.

Defendant demurred to the complaint, "in short by con-

Rayburn v. Elrod et al., Trustees.

sent," " because of the uncertainty and vagueness as to the description of the land sued for ;" also, denied, by plea, the possession or detention of the land.

The case was tried at the spring term, 1868.

On the trial, as appears from the bill of exceptions re-served by appellant, " the court, by agreement of the counsel, overruled the demurrer," and the plaintiffs took issue upon the plea.

" The plaintiffs then introduced and read to the jury, against the objection of the defendants, a book purporting to be the minutes of the 2d quarterly meeting of the Methodist Episcopal Church, South, on the Mount High circuit, held at Mount Moriah, on Saturday, the 9th day of June, 1866 , and before its introduction or reading, proved by one Nichols that he was secretary of the conference and custodian of the records ; that the book read from was the minutes of said conference ; that Sulphur Springs Church was in the limits and jurisdiction of said circuit, or conference. Defendant's objection was overruled, and defendant excepted.

Plaintiffs, after proving the execution of a deed from Anderson Williams, made in 1852, offered it as evidence, and read it to the jury. The deed conveyed " to Aaron Hall, A. S. Long, Samuel Hall, and Thomas Stagner, trustees, &c., and their successors in office, so long as the Methodist Church may wish to use for church purposes, the following described land : A certain part of the S. E. of the S. E., section 29, range 6, township 8, containing two acres, more or less, including the meeting-house and camp ground, with the privilege of using water during worship." Defendant objected to the admission of the deed, " because plaintiffs do not propose to show title or connect plaintiffs with title to land, described in said deed, by any deed, or other conveyance, from the grantees in said deed to plaintiffs, and because said deed did not show, or tend to show, title in plaintiffs, or any right of action in them ; and because of uncertainty in said deed as to the description of the lands conveyed, and because the same is illegible and unintelligible by reason of erasures and interlineations,

and vague for uncertainty,"—all which objections of defendant were overruled, and defendant excepted.

The court, among other things, charged the jury that " if they were satisfied from the proof that plaintiffs were trustees of the Sulphur Springs Church, that they were authorized to maintain this action, and to recover as trustees of the Methodist Episcopal Church, South ; that the Methodist Episcopal Church, South, was a corporation, and that each church or society of that denomination, in this State, had a right to sue in the name of the trustees," to which charge defendant excepted.

The jury rendered the following verdict : " We, the jury, find for the plaintiff two acres of land, more or less, including the meeting-house, as described in the deed from Anderson Williams to the trustees of the Methodist Episcopal Church, South, with the privilege of water during worship, being, as in said deed described, a part of south-east quarter of the south-east quarter of section twenty-nine, in township eight, of range six ;" whereupon the court entered up judgment accordingly, and granted a writ of *habere facias possessionem*, and taxed defendant with costs.   To the rendition of this judgment, defendant excepted.

The defendant then moved in arrest of judgment, 1st. Because plaintiffs' complaint is too vague and uncertain, in the description of the lands sued for, to authorize a recovery.   2d.  The plaintiffs' complaint, and the verdict of the jury, are each and both insufficient to authorize any judgment for plaintiffs in this case.   The verdict does not find the defendant guilty of the allegations in the plaintiffs'. complaint, nor that he was in possession of the lands sued for, and is, therefore, insufficient to authorize a judgment. The verdict of the jury does not describe the same lands as those sued for, nor any portion thereof.   The motion was overruled, and defendant excepted.

The charge of the court, and the various rulings of the court, to which defendant excepted, are now assigned as error.

M. J. TURNLEY, and JOHN T. HEFLIN, for appellants.

There was no appearance, so far as the docket shows, for the appellee.

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The demurrers were properly overruled. The complaint alleges that the plaintiffs are the trustees of the Methodist Episcopal Church, South, and the successors of James Cave and certain others, and follows the form prescribed in the Code in its subsequent statements.

The plea denies the possession of the land, and the detention from the plaintiffs.

The minutes of the quarterly meeting were admissible as evidence. Preliminary to their introduction, the witness, Nichols, proved that he was the secretary of the quarterly conference, and the custodian of the records, and that the book presented was the record of the minutes of the quarterly meeting of the Mount High Circuit of the Methodist Episcopal Church, South, and that Sulphur Springs Church was in that circuit. From the minutes, it appeared that the plaintiffs had been, at a time prior to the trial, elected trustees. This was the best evidence that could have been given of their being such. No higher or more conclusive evidence existed. If the defendant knew of any better he should have suggested it.

The deed from Anderson Williams to Cave and others, was properly admitted in evidence. This deed, in connection with the minutes of the conference, and the complaint, showed that a certain parcel of land was conveyed in 1852, by the donor, to Cave and others, and their successors in office, as trustees of the said church, for the benefit of that church; that the plaintiffs were the successors as trustees, and, as such, were prosecuting this suit for the land described in the deed. There was evidence tending to show, that the defendant was in possession of the land at the commencement of the suit.

In the absence of any testimony on the part of the defendant, the plaintiffs were bound to recover, unless his objection to the sufficiency of the description of the premises

Rayburn v. Elrod et al., Trustees.

should prevail. The land in the deed is described as "a certain part of the S. E. of the S. E., section 29, range 6, township 8, containing two acres, more or less, including the meeting-house and camp-ground, with the privilege of water during worship."

It has been held by this court, that if the description inform the defendant what he is to defend, and the sheriff of what he is to deliver possession, it is sufficient. "Twenty-five acres off the west end of the south-west quarter of the north-east quarter," has been held to be sufficient.—*Sims & Howell v. Thompson and Wife*, 30 Ala. 158. So, of "the south half of section 11, township 15, range 9, with the exception of eighty acres at the west end, and a lot donated for a school-house, of land in the Coosa land district."—*Heifner v. Porter & Simmons*, 12 Ala. 470. In another action for forcible entry and detainer, the premises were described successfully as "fifty acres situated within the west part of a quarter section."—*Huffaker v. Boring*, 8 Ala. 87. In *Knight v. Syms*, (1 Salk. R. 254,) the verdict was for the plaintiff for "five closes of arable and pasture, called ——, containing twenty acres in D." Judgment was arrested, because it was not shown how much of one, and how much of of the other; an intimation that precise metes and bounds need not be mentioned. An ejectment may be maintained for "five acres of alder carr" in Norfolk.—Adams on Ejectment, p. 27. In *Driver v. Spence*, (1 Ala. 540,) it was decided, that a sheriff's deed was admissible in evidence, though it did not describe the land by metes and bounds.

The omission to express the quarter section ought not to invalidate the deed. The words used describe the land as somewhere in the extreme south-eastern part of the section 29, with a church, camp-ground and spring on it. As the subdivisions of land are expressed in this country, it is no unauthorized construction to interpose the word "quarter" in the description given by the deed in this case. The verdict of the jury is sufficient to authorize the judgment, for the reasons already given.

The judgment is affirmed.