[Eufaula National Bank v. Pruett *et al.*]

# Eufaula National Bank *v.* Pruett *et al.*

*Bill in Equity to Remove Cloud and for Injunction of Execution at Law.*

1. *Filing of paper for record; what sufficient.*—Where a deed to land is executed by a grantor, who is probate judge of the county where the land lies, to his minor children in 1893, and immediately after its delivery it is handed by one of the grantees to the grantor for record, but kept by said grantor without being filed for record until April 27th, 1897, when the same is stamped as filed for record of that date, but not signed by the judge nor actually recorded, though it is placed in the receptacle used in the probate office for papers that are filed for record, but not recorded, it is operative as a record from the date it was so stamped and placed in such receptacle.

2. *Fraudulent conveyance; what is not a reservation of a benefit.* Where the father of certain minor children conveys them land to pay a debt due by him to their mother, and it is understood and agreed that he shall look after the land, collect the rents and apply the same to the support and education of said grantees, this does not constitute the reservation of a benefit to the grantor such as will invalidate the conveyance at the instance of an existing creditor.

3. *Description in deed; sufficiency of; parol evidence.*—A description in a deed for so many acres of land "known as the Pruett place near Batesville, Ala., and the land near Hoboken and one mile north of the city of Eufaula, all of which was my first wife's, Ann B. Pruett's separate estate," is not void for uncertainty since parol evidence may be received to identify it.

4. *Bill in equity for prevention of cloud upon title; when maintainable.*—When complainants in a bill to enjoin the sale of lands under execution against the party from whom they derived title, would be compelled in ejectment brought under the sheriff's deed, to offer evidence outside of their deed to prevent a recovery, the bill contains equity since there is no adequate remedy at law.

APPEAL from the Chancery Court of Barbour.
Heard before Hon. W. L. PARKS.

[Eufaula National Bank v. Pruett *et al.*]

The bill in this case was filed by appellees, and sought to enjoin a sale under an execution in favor of appellant upon a judgment against one W. H. Pruett. Appellant's judgment was recovered May 5th, 1897, recorded May 21st, 1897, and the execution, the sale under which is sought to be enjoined, was issued September 2d, 1898. It was alleged that on April 1st, 1893, W. H. Pruett conveyed the lands in controversy to complainants, and that the consideration was a debt due to their mother, the first wife of said W. H. Pruett; that their mother was dead, and left no debts, but there was neither allegation nor proof as to whether there was administration upon her estate. It was alleged and shown that at the time of the execution of said deed the grantor handed the same to O. B. Pruett, who, the next day or shortly afterwards, returned it to the grantor, who was the father of complainants, and probate judge of Barbour county, where the lands were situate, with instructions to record the same; that O. B. Pruett was also at that time clerk in said probate office; that the deed was kept by said grantor in his pocket until sometime in 1896, and then placed by him in a private drawer of his in said office, where it remained until April 27th, 1897, when said grantor, who was still probate judge, removed it, stamped a certificate of record upon it of that date, but did not sign the same, and then placed it in a receptacle used in the office for papers that were presented for record, but unrecorded; that the deed remained in said receptacle until September 24th, 1898, when it was again stamped with certificate of record of that date, and then actually recorded for the first time. It was also shown that at the time of the execution and delivery of the deed it was understood that the grantor was to continue to rent out the land, collect the rents, and use the same for the support and education of the grantees. On this point O. B. Pruett testified that "the distribution of the rent money was a matter for the discretion of my father, according to the necessities of the complainants, but my father was the man to decide that." It was further shown that appellant's debt against W. H. Pruett was in existence on April 1, 1893.

There was a demurrer to the bill raising, among others, the question of the failure of the bill to allege that there was no administration upon the estate of Ann B. Pruett. The cause was admitted for final decree upon the pleadings and proof and a decree rendered granting the relief sought. From this decree respondent appeals, and assigns the same as error.

S. H. DENT, JR., for appellant.

A. H. MERRILL, *contra.*

DOWDELL, J.—The purpose of the bill is to enjoin the sales of certain lands therein described, levied on under an execution issued under a judgment obtained by the respondent bank against one W. H. Pruett, and to prevent a cloud upon the alleged title of the complaints to said lands by said levy and sale. The decree appealed from was rendered upon a final submission of the cause upon the pleadings and proof. The complainants predicate their rights upon a deed executed to them by said W. H. Pruett, their father, on April 1st, 1893, the consideration of the deed being a debt which the said W. H. Pruett owed to the estate of his deceased wife, the mother of the complainants, for money arising from the sale of property of the said wife during her lifetime, which he had used for his own benefit. The evidence without conflict shows the consideration of the deed and that the same was fair and reasonable; that the grantees were at the time minors; (and the conveyance was for their benefit); that the deed was actually delivered to O. B. Pruett, one of the grantees, and afterwards on the same day or the following day was handed by O. B. Pruett to the grantor, his father, who was then the probate judge of Barbour county, where the land conveyed was situate, with the request that the deed be recorded and that he should keep the same; that the deed was kept by the father and not filed for record until the 27th day of April, 1897, but was on that day placed in a basket in the office of the probate judge by said

W. H. Pruett, such being the place where all papers filed for record were kept until the same could be recorded, and with the usual stamp endorsed on the deed showing the same had been filed for record on that day, though said endorsement was not signed. Whether the delivery of the deed by O. B. Pruett to his father W. H. Pruett, with the request that the same be recorded, which occurred at their home, constituted a delivery under section 987 such as to make it operate as constructive notice, we need not decide.    There can be no doubt, we think, that when it was endorsed filed on the 27th of April, 1897, though unsigned, and placed in the usual place in the office, by the probate judge, for such papers filed for record, it was then delivered within the meaning of the statute and became operative as a record from that day.

There was no reservation of benefit to the grantor in the face of the deed, and the fact that after the execution and delivery of the deed it was then understood and agreed that the father would look after the renting of the lands, collect the rents and apply the same for their benefit in their support and education, constituted no reservation of benefit.

The deed sufficiently described the property to pass the legal title, especially when aided by parol proof which was competent and admissible for that purpose. *Baucum & Jenkins v. George,* 65 Ala. 259.

Under the averments of the bill the complainants would be compelled, in an action of ejectment brought on a sheriff's deed under execution sale, to offer evidence outside of their deed to prevent a recovery. This being true, the bill being one to prevent a cloud being cast upon their title by the sale under execution against W. H. Pruett, their grantor, contained equity. *Rea pro ami v. Longstreet & Sedgwick,* 54 Ala. 291; *Reynolds v. Kirk,* 105 Ala. 446; *Curry v. Peebles,* 83 Ala. 225.

The demurrer, we think, was wanting in merit and was properly overruled by the chancellor.

We find no error in the record and the decree is, therefore, affirmed.