# Lodge *v.* Wilkerson, *et al.*

*Ejectment.*

(Decided Jan. 20, 1910.   51 South. 609 )

1. *Ejectment; Pleading; Description of Property.*—Where the complaint describes the property as being a hotel and lot situated in a named town then occupied by a named person, it was sufficient, since it was capable of being made certain by proof.

2. *Same; Evidence.*—Where the complaint alleged that the property sought to be recovered was occupied by a named person, the plaintiff had the burden of showing its occupancy by such named person.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by Thornton H. Lodge against R. B. Wilkerson and another. Judgment for defendants and plaintiff appeals. Reversed and remanded.

OSCAR LEWIS and GOODWIN & McINTYRE, for appellant.—The description was sufficient to support a judgment, and the demurrer should have been overruled.—*Howze v. Dew,* 90 Ala. 178; *Kimbrell v. Rodgers,* 90 Ala. 339; *Angel v. Simpson,* 85 Ala. 53; *Eufaula Nat. Bank v. Pruitt,* 128 Ala. 470.

· R. H. POWELL, and H. P. MERRITT, for appellee.—The complaint was insufficient in description.—*Goodwyn v. Foreman,* 114 Ala. 489; *Foy v. Wellborn,* 112 Ala. 160; *Griffin v. Hall,* 111 Ala. 601; s. c. 115 Ala. 482; *Bush v. Glover,* 47 Ala. 167.

SIMPSON, J.—This is a statutory action of ejectment by the appellant against the appellees. The land sued for is described in the complaint as "hotel and lot in Notasulga, Alabama, now occupied by said R. B. Wilkerson." The complaint was demurred to on the ground that "the description of the property sued for is insufficient." Said demurrer was sustained, and plaintiff took a nonsuit and appealed.

A description which furnishes the means of making it certain by proof is sufficient. The burden would be on the plaintiff to prove what hotel and lot in Notasulga was occupied by said R. B. Wilkerson at the time the suit was commenced, and with proof of that the description would be made certain.—*Kimbrell v. Rodgers,* 90 Ala. 339, 7 South. 241; *Angel v. Simpson,* 85 Ala. 53, 3 South. 758; *Eufaula N. Bk. v. Pruett,* 128 Ala. 470, 30 South. 731. In the cases of *Griffin v. Hall,* 111 Ala. 601, 20 South. 485, Ib., 115 Ala. 482, 22 South. 162, and *Foy v. Wellborn,* 112 Ala. 160, 20 South. 604, no data

are given from which it could be made known what lot was intended. In the case of *Goodwyn v. Forman,* 114 Ala. 489, 21 South. 946, besides the indefiniteness of the lands reserved, the description does not show whether or not the land is "east" of St. Stephens, or Huntsville, nor, in fact, whether it is in Alabama.

The court erred in sustaining the demurrer. The judgment of the court is reversed, the nonsuit is set aside, and the cause remended.

Reversed and remanded..

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.