(95 South. 364)

### PARKER v. JEFFERSON COUNTY.
### (6 Div. 693.)

(Supreme Court of Alabama. Jan. 18, 1923. Rehearing Denied Feb. 10, 1923.)

1. **Justices of the peace ⬤⟿84(6)—Objection of insufficient notice of action held dilatory, and waived because made too late.**

The objection, in an action of forcible entry and detainer, that defendant had not had at least six days' notice of the action before the return day of the process, as provided in Code 1907, § 4266, was dilatory in character; and, the point being taken after defendant's appearance and after the cause had been continued by the court on plaintiff's motion, defendant waived the objection.

2. **Forcible entry and detainer ⬤⟿24(3)—Complaint held demurrable because description of land insufficient to describe property.**

A complaint, in an action of forcible entry and unlawful detainer, describing the property as a house "occupied by defendant in one of plaintiff's camps, known as camp 4, Jefferson county, said camp located on land situated in Jefferson county, etc.," held subject to demurrer, as being too indefinite and uncertain to answer the purpose of good pleading.

On Rehearing.

3. **Pleading ⬤⟿34(6)—Judgment not vacated for matters not objected to if complaint stated cause of action.**

Under Code 1907, § 4143, forbidding annulment of judgments for matters not previously objected to, if the complaint contained a substantial cause of action, reasonable intendments in construction are indulged to support judgment.

4. **Pleading ⬤⟿34(4)—Complaint demurred to, construed against pleader.**

Where appropriate demurrer is interposed to the complaint it is construed more strongly against the pleader.

5. **Forcible entry and detainer ⬤⟿24(3)—Subject-matter must be designated clearly in complaint.**

In an action of forcible entry and in detainer it is essential to good pleading to describe and to designate clearly the land.

Somerville and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Jefferson County against Monroe Parker. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action, instituted by appellee against appellant, is for forcible entry and unlawful detainer. The complaint is as follows:

"The plaintiff sues to recover possession of a house occupied by the defendant in one of Plaintiff's convict camps, known as camp #4 in Jefferson County, said camp being located on land situated in Jefferson County, Alabama, described as follows: In the Northeast Quarter (NE¼) of Section Six (6), Township Nineteen (19), Range Four (4), situated if [in] Jefferson County, Alabama, of which plaintiff was in possession, and pending such possession, and before commencement of this suit, the defendant forcible [forcibly] entered and now unlawfullt [unlawfully] detains."

The defendant's (appellant's) demurrer to the complaint—in the justice's court as well as later on appeal to the circuit court—took the objection, among others, that the description in the complaint was deficient, was too uncertain and indefinite. The demurrer was overruled, and this action of the circuit court is assigned for error.

The summons was issued on November 1, 1921; and the time for the hearing was fixed therein at 12 noon November 10, 1921. The process was served on defendant on November 4, 1921. The defendant appeared in person on November 10, 1921, and resisted plaintiff's motion for continuance to November 19, 1921. On the last-named date, to which the cause was continued, the defendant made the objection that he had not been served with the process "at least six days before the return day of the process." Code, § 4266.

There was judgment for plaintiff.

Benton & Bentley, of Bessemer, for appellant.

A complaint in forcible entry and unlawful detainer must describe the premises in dispute with certainty. 38 Ala. 572; 40 Ala. 607; 174 Ala. 113, 56 South. 532; 200 Ala. 43, 75 South. 355; 201 Ala. 521, 78 South. 875.

W. K. Terry, of Birmingham, for appellee.

The complaint sufficiently described the premises. 165 Ala. 302, 51 South. 609; 204 Ala. 66, 85 South. 490; 42 Ala. 356, 94 Am. Rep. 654; 43 Ala. 700. Institutions of a

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

public nature, such as courthouses, asylums, public prisons, etc., are judicially noticed. 15 R. C. L. 1110. If the land could be identified by the sheriff with the assistance of a surveyor, aided by one having knowledge of the former location of a fence, it would be sufficient. 98 Ind. 38.

McCLELLAN, J. [1] The objection that defendant had not had "at least six days" notice of the action "before the return day of the process" (Code, § 4266) was dilatory in character (Beck v. Glenn, 69 Ala. 121, 126); and, the point being taken after defendant's appearance and after the cause had been continued by the court on plaintiff's motion, the defendant had waived the objection even in the justice's court.

[2] The complaint was subject to the demurrer. Its description of the subject-matter of the action was too indefinite and uncertain to answer the purposes of good pleading. Lessley v. Prater, 200 Ala. 43, 75 South. 355; Bradford v. Sneed, 174 Ala. 113, 56 South. 532. The property the possession of which is sought to be recovered is described as a "house." If it is assumed that "house" included the lot on which it was situated, still the complaint leaves wholly undesignated what house or lot in plaintiff's "camp # 4," which camp is located on 160 acres in a certain section in Jefferson county, is sought to be recovered. Manifestly the premises sought to be regained are a part of a larger area; and the complaint does not so definitely describe the premises sued for as to avoid recourse, in the execution of possessory process, to service and function on the part of the sheriff that the law has not conferred on that officer. The allusion to the "house" as being that in possession of or occupied by defendant avails nothing in aid of the complaint's sufficiency when considered on demurrer. Bradford v. Sneed, supra. In order to identify the subject-matter, from the description in this complaint, "it would be necessary for the sheriff to take testimony and pass upon its effect," to the end of determining what land the defendant was in possession, what premises he occupied.

Reliance is placed by the appellee upon Huffaker v. Boring, 8 Ala. 87, to justify the description in this complaint. There, as the court noted, the description designated 50 acres situated within the west part of the quarter section. That call was capable of accurate ascertainment. Sims v. Thompson, 30 Ala. 158, and others in its line. Here there is no factor of description whereby the area (if so) in question could be ascertained or identified with any degree of certainty.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

McCLELLAN, J. Reconsideration of the conclusion that the complaint (set out in the statement ante) was subject to the demurrer questioning the sufficiency thereof, in respect of the description of the property claimed, is invoked by earnest argument in support of the application for rehearing. In the early case of Wright v. Lyle, 4 Ala. 112, 115, it was held that a complaint in this character of action "should describe the land in controversy with so much particularity and precision as will inform the defendant what he is to defend against, *and the court for what it is called on to render judgment*." (Italics supplied.) This rule consists with that generally accepted, and its statement has not been qualified in subsequent deliverances made by this court. Indeed, so recently as Little v. Thomas, 204 Ala. 66, 67, 85 South. 490, the pronouncement was that sufficient legal accuracy is attained in description of land sought to be recovered in ejectment if it contains *data* whereby the sheriff is enabled "to definitely know" of what lands the prevailing plaintiff should be put in possession. A complement of this idea is afforded by the limitation, expressed in Bradford v. Sneed, 174 Ala. 113, 116, 56 South. 532, and recognized in Lessley v. Prater, 200 Ala. 43, 75 South. 355, that in executing the process in favor of a successful plaintiff the sheriff should not be required "to take testimony and pass upon its effect." Such an officer may, of course, apply the sufficient *data given* to the identification of the subject-matter of the process.

[3, 4] At times there has been apparent, rather than real, variation in the application of the stated doctrine of certainty and definiteness in concrete cases; but when many of these decisions are considered in the light of the fact that no demurrer was interposed to test the sufficiency of the complaint in respect of its description of the land involved (Snoddy v. Watt, 9 Ala. 609, 611; Code, § 4143, forbidding, after verdict, the annulment of judgments for matter "not previously objected to, if the complaint contain a substantial cause of action," 10 Mich. Ala. Dig. pp. 1113, 1114), apparent inconsistencies are at once removed. It is hardly necessary to remark that where appropriate demurrer is interposed to the complaint it, if equivocal, is construed more strongly against the pleader; whereas, if no demurrer is interposed to test the complaint and the cause proceeds to judgment, all reasonable intendments in construction of the pleading are indulged to support the judgment (Werten v. Koosa, 169 Ala. 258, 53 South. 98; Ex parte Bankhead, 200 Ala. 102, 103, 75 South. 478; Cairns v. Moore, 194 Ala. 102, 104, 69 South. 579; Peters v. State, 193 Ala. 598, 604, 69 South. 576).

[5] As appears, the question under review is presented by the action of the trial court

in overruling demurrer which aptly took the objection that the description of the land was too uncertain and indefinite to satisfy the stated rule of good pleading. The court remains convinced that its original conclusion is sound that the demurrer should have been sustained. In support of the brief for rehearing, Lodge v. Wilkerson, 165 Ala. 302, 51 South. 609, is urged as authority justifying this complaint in respect of the description of the land involved. The view there evoked by ruling on the demurrer to the complaint that the description of the premises was sufficient was predicated alone of the decisions in Kimbrell v. Rodgers, 90 Ala. 339, 7 South. 241, Angel v. Simpson, 85 Ala. 53, 3 South. 758, and Eufaula Bank v. Pruett, 128 Ala. 470, 30 South. 731. All of these decisions were concerned with the construction of contracts; not at all involving the sufficiency of pleading when assailed by demurrer. Furthermore, the erroneous idea was recognized in the ruling made in Lodge v. Wilkerson, supra, that the sufficiency of pleading, when tested by demurrer, might be aided by recourse to evidence; the rule there accepted being that appropriate in respect of the sufficiency of description in contracts relating to real estate, but not appropriate to the determination of the issue of law raised by a demurrer to the complaint in an action in which it is essential to good pleading to describe, to designate the subject-matter, real estate. In reference to Griffin v. Hall, 111 Ala. 601, 20 South. 485, among other cases noted, where demurrer to the complaint was held to be erroneously overruled, the opinion in Lodge v. Wilkerson, supra, observed that "no data" was "given from which it could be made known what lot was intended." The comment was inaccurate with respect to Griffin v. Hall, supra, for that the court there condemned the description—much fuller than in either Lodge v. Wilkerson or in the instance under review—in these terms:

"The sheriff in attempting to execute a writ of possession describing the property as in this complaint might find the brick building with some assurance of certainty; but we do not see how it would be possible for him to identify the lot sued for. No dimensions are given. It may contain 1 acre or 10. It may be 50 or 500 feet square. It may or may not be coterminous with the 'vacant' lot as to one of its lines, but granting it is so coterminous, the other lines bounding it are entirely at large. The description is neither certain in itself nor does it afford any data by reference to which it can possibly be made certain." (Italics supplied.)

Undoubtedly the view prevailing in Lodge v. Wilkerson would have been sound if the issue had arisen otherwise than on demurrer, after judgment (Code, § 4143); but not so when the question of law, not fact, was presented by appropriate demurrer. Lodge v. Wilkerson, supra, is unsound, unless this court is prepared to permit mere averment of possession of an undefined area to satisfy the requirement of legal sufficiency in description when questioned by demurrer. Lodge v. Wilkerson is overruled.

The application on rehearing is denied.

ANDERSON, C. J., and SAYRE, THOMAS, and MILLER, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.