175 So.2d 768

Edgar TEMPLETON

v.

Gerald David HICKMAN et al.

7 Div. 659.

Supreme Court of Alabama.

May 27, 1965.

Martin & Floyd, Gadsden, for appellant.

Lusk, Swann & Burns, Gadsden, for appellees.

PER CURIAM.

Appellees filed their bill of complaint in the Circuit Court of Etowah County, in Equity, alleging their execution of a promissory note, dated August 12, 1959, in the principal sum of $4,500, with interest at eight per cent per annum from date until paid, payable to respondent, Edgar Templeton (appellant), and also providing for payment of the principal and interest in 114 installments of $60 each.

Complainants also executed and delivered a mortgage to Mr. Templeton on some real property to secure said promissory note, with a provision as follows:

"KNOW ALL MEN BY THESE PRESENTS: That whereas, Gerald David Hickman and wife, Myrion Elizabeth Hickman * * * is (sic) justly indebted to Edgar Templeton * * * in the sum of Four Thousand Five Hundred and no/100 ($4,500.00) —Dollars, evidenced by promissory note as follows:

"One promissory note dated August 12, 1959 in the sum of Four Thousand Five Hundred and no/100 ($4,500.00) Dollars payable in 114 installments of Sixty and no/100 ($60.00) Dollars commencing on the 1st day of November, 1959 and on the 1st day of each month until principal and interest are paid in full."

Also the bill averred that the rate of interest charged on said loan is in excess of eight per cent per annum, and is usurious and in violation of the maximum rate provided by § 60, Title 9, Code 1940.

Complainants prayed that upon a final hearing of the cause that the trial court order and decree the rate of interest charged by respondent to complainants on the indebtedness evidenced by said note and secured by said mortgage to be usurious, and that the principal sum be credited with all payments on said indebtedness; and that upon payment of said balance ascertained to be due, said note and mortgage

be surrendered to them and the record of said mortgage be cancelled by order of the court.

Respondent filed an answer and cross bill, which he later amended. This answer denies that he charged usurious interest, admits that the note provided for payment of the principal sum and interest in 114 installments of $60 each, but says that the provision for payment in 114 installments was a mistake and the result of miscalculation or error in calculation; that it has now been discovered and determined that only 102 installments were required; "that no usurious or illegal interest has been paid by Plaintiffs to Defendant and interest at the lawful rate of 8% as called for by the contract should be allowed in this cause."

By cross bill, respondent (cross complainant), seeks judicial ascertainment of the balance due, reformation of the instruments by striking therefrom "114 payments" and substituting in lieu thereof the correct number of payments to repay $4,500 plus eight per cent interest per annum at the rate of $60 per month. By amendment cross complainant prays for an attorney's fee as provided by the mortgage.

The trial court, hearing the testimony ore tenus, determined in its final decree that:

"* * * the excessive and illegal interest charge imposed by Defendant upon the Plaintiffs for the use of the money evidenced by the note and secured by the mortgage, * * * was not unintentional as alleged in Defendant's Cross-Bill, as last amended, and that the Plaintiffs are entitled to the relief prayed for in their Bill of Complaint."

The court decreed:

1. Relief to complainants as prayed.

2. Denial of relief to respondent in his cross bill as last amended.

3. That the interest is in excess of eight per cent per annum and in violation of the provisions of § 60, Title 9, Code 1940.

4. That plaintiffs are entitled to credit against the principal sum for all payments made by them under the terms of said note and mortgage.

5. That forty-eight installments of $60 each have been paid, and that the principal balance is $1,620.

6. That upon payment of $1,620 to the Register that the mortgage be cancelled.

It appears from the evidence of both parties that the agreed interest was to be eight per cent and that the principal and interest was to be repaid at $60 per month.

It further appears from respondent's testimony that he went to a practicing attorney in Gadsden, who told him that it would take 114 monthly installments to pay the debt plus interest. This lawyer did not appear as a witness for either party. Respondent further testified that he went to another lawyer to get the papers prepared. Appellees had nothing to do with these contracts or the drafting of the papers. This second lawyer testified that he drew the papers (note and mortgage) as respondent directed, and from information that respondent furnished him. This attorney did not compute the figures nor did he check them.

It also appears that respondent, through the medium of his attorneys, wrote complainant Gerald David Hickman a letter, dated January 23, 1964 (suit was filed on March 4, 1964), demanding payment of the past-due installments on the note, along with another sum of $100 that was not a part of the mortgage debt, but for work and labor performed.

■ There was considerably more evidence that we will not undertake to delineate. Suffice it to say that we do not feel that we should disturb the findings of the trial judge that the inclusion in the note and mortgage for 114 monthly installments of $60 each was not innocently done. If respondent was not innocent in inserting the provision for such monthly installments,

then it was deliberately done with the intention to bind the complainants to pay in excess of the principal sum plus eight per cent interest.

■ We have repeatedly held:

"It is the duty of this court to indulge all reasonable presumptions in favor of the trial court's conclusions when the evidence is heard ore tenus. We cannot substitute our judgment on the effect of the evidence, dealing with the pivotal issue of fact in this cause, for that of the Chancellor. * * *"
—Hyatt v. Compton, 262 Ala. 649, 652, 80 So.2d 650, 653.

■ We observed in the case of Grider v. Calfee et al., 242 Ala. 50, 52, 4 So.2d 474, 475, as follows:

"The courts will closely scrutinize every suspicious transaction in order to ascertain its real nature. The law is diligent to discern any artifice, device or scheme to cover up usury. In determining whether the contract is tainted with usury, the court will look to the whole transaction. (Cases cited) It will consider the surrounding circumstances, the occurrence at the time of the making of the agreement, and the instruments drawn. The court will look to and construe the transaction by its substance and effect rather than its form, and if, from a consideration of the whole transaction, it becomes apparent that there exists a corrupt intent to violate the usury laws, the plain duty of the court is to inflict the penalty imposed by the statute."

The evidence convinced the trial court that the provision for payment of $720 in excess of the lawful rate of interest was not innocently inserted by the respondent. We are of the opinion that the evidence supported this conclusion. By stating in the note and mortgage that the interest was to be eight per cent per annum, mortgagee could lull the complainants with the belief that eight per cent was being charged, while at the same time he could collect an excess if complainants paid the 114 installments without waking up and computing the payments. Complainants were alerted to the scheme when they got someone to figure the interest for income tax deductions. The trial court, responding to duty, after being convinced from the evidence that respondent was not innocent in the transaction, lawfully inflicted a forfeiture of all interest as provided by law.

■ The addition of the usurious supercharge of $720 justified the complainants in refusing to pay the debt until all unlawful interest was purged. The respondent, therefore is not .entitled to relief or to collect an attorney's fee for collecting or attempting to collect the principal balance. —Grider v. Calfee, supra (7).

The decree of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.