259 So.2d 819

**LOTS 247 THROUGH 250, both inclusive, etc.**

**v.**

**William H. MARTIN, Jr.**

**8 Div. 339.**

Supreme Court of Alabama.

Feb. 10, 1972.

Rehearing Denied April 13, 1972.

Keller & Hill, Florence, for appellants.

McDonnell & Jones, and Gorman R. Jones, Jr., Sheffield, for appellee.

COLEMAN, Justice.

The respondents appeal from a decree granting relief to complainant in suit to quiet title.

Complainant filed his bill of complaint January 9, 1963. He claims to own in fee simple forty-one lots in a subdivision in Colbert County. In the amended bill, complainant avers that a certain parcel of land was conveyed by Thurmond Harris to Elbert H. Fowler by deed dated January 2, 1926; that on the same date, Elbert H. Fowler executed a mortgage to Thurmond Harris to secure the unpaid purchase money for the land; that the land was thereafter subdivided on June 17, 1926; that the mortgage was foreclosed by a proceeding in the Circuit Court of Colbert County, in Equity, Case No. 2284, which was commenced July 8, 1936, and is styled The Sheffield National Bank v. Mary T. Harris, et al., The Sheffield Bank being owner and holder of a part of the debt secured by the mortgage; that pursuant to decree filed February 22, 1939, in Case No. 2284, the mortgaged land was sold by the register and conveyed to The Tennessee Valley Bank by deed dated March 2, 1940; that The Tennessee Valley Bank conveyed to the Superintendent of Banks of the State of Alabama, and the Superintendent of Banks conveyed to complainant by deed dated February 28, 1945, and by correction deed dated March 16, 1945.

Complainant prays that respondents be required to specify their claim to or interest in the forty-one lots, and that the court adjudge and decree that complainant is the owner in fee simple of the forty-one lots and that none of respondents has any right, title, or interest in said lots. More than twenty-five respondents are named in the bill of complaint.

In the answer of respondents, they deny that complainant is in actual peaceable possession of the forty-one lots. Respondents

aver that Elbert H. Fowler executed the purchase money mortgage to Thurmond Harris on January 2, 1926, and that the mortgage was foreclosed in Case No. 2284; that the property described in the bill of complaint was sold by the register to The Tennessee Valley Bank.

Respondents aver that prior to the foreclosure sale and prior to commencement of Case No. 2284, while Thurmond Harris was owner and holder of the mortgage, he released from the mortgage the forty-one lots here involved, and also other lots, by releases filed for record in 1928 and in January, 1932; that, by virtue of said releases, the foreclosure of the mortgage did not convey any interest in said released lots to the purchaser at the foreclosure sale; that the decree in Case No. 2284 does not recite any ruling or finding on the legality of said releases.

Respondents further aver that the deed from The Tennessee Valley Bank to James B. Little, as Superintendent, was dated May 13, 1939, which date is prior to the foreclosure deed date of May 2, 1940; that The Tennessee Valley Bank "does not exist" and "the deeds by and through which the complainant claims title" are null and void.

Respondents aver that "complainant has not paid taxes on said land."

Respondents aver that on January 2, 1926, Elbert H. Fowler, "as trustee for the respondents," acquired title from Thurmond Harris by the deed of that date; that on May 22, 1930, Elbert H. Fowler died and Howard E. Fowler was appointed trustee for respondents "as shown by a decree of the Circuit Court of Colbert County, Alabama, on February 14, 1931, which decree is recorded in Deed Book 87, page 458, in the office of the Probate Judge of Colbert County, Alabama"; that respondents claim to own said lands in fee simple and by virtue of the aforementioned conveyances and decree; that all taxes and assessments have been paid by the respondents yearly since January 2, 1926; and that

"respondents have been in the actual, peaceful possession of said lands . . .."

After a hearing at which oral testimony was heard and numerous exhibits were introduced, the court found that complainant owns the forty-one lots and was in actual, peaceable, and constructive possession of the same through himself and tenants at the time suit was commenced.

The court further found that the forty-one lots were originally conveyed by Thurmond Harris to Elbert H. Fowler by deed dated January 2, 1926; that on the same date Elbert H. Fowler executed a purchase money mortgage therefor; that the land was subdivided by Elbert H. Fowler on June 17, 1926; that the purchase money mortgage was duly foreclosed by suit in the trial court commenced on July 8, 1936, Case No. 2284; that the mortgaged property, including the forty-one lots, was sold by the register to The Tennessee Valley Bank by deed dated March 2, 1940; that through subsequent mesne conveyances, title to the property, including the forty-one lots, was sold by the Superintendent of Banks of the State of Alabama to complainant by deed dated February 28, 1945, and by correction deed dated March 16, 1945; and that by virtue of said deeds complainant has legal title to said property and has and had actual and constructive possession of the same, and that no one else was in possession of the same.

The court decreed that none of the respondents has any right, title, or interest in or encumbrance on said lots.

■ Respondents argue five assignments of error. As we understand the argument, respondents contend that the court erred in its findings in two respects, to wit: first, in finding that title to the property in dispute was, through subsequent mesne conveyances, conveyed to complainant by the Superintendent of Banks and that complainant has title to the property; and, second, in finding that complainant was in ac-

tual, peaceable, and constructive possession of the property through himself and tenants at the time suit was filed.

## I.

We consider first the contention that the court erred in finding that title had been conveyed to complainant.

It appears that a tract of land containing approximately seventy-five acres was conveyed by Thurmond Harris to Elbert H. Fowler in 1926 as already mentioned. To secure payment of the purchase price, Elbert H. Fowler, on the date of purchase, executed to Thurmond Harris five promissory notes secured by the mortgage on the seventy-five acres. The notes became due one, two, three, four, and five years, respectively, after date. The mortgage recited that Elbert H. Fowler was purchasing the land for subdividing and sale, and that it was agreed that lots selected by him might be sold by him and would be released by the mortgagee or his assigns from the operation of the mortgage upon payment to the mortgagee or his assigns of the sum of money representing a proportion of the price of the land released on the basis of $1,000.00 per acre.

It appears that the three notes due one, two, and three years after date were paid, and that probably some payments were made on the fourth note. The fifth note, due in 1931, five years after date, was not paid. On August 5, 1930, before maturity, the fifth note, bearing the endorsement of Thurmond Harris, was negotiated to The Sheffield National Bank as security for a debt owed by the father of Thurmond Harris to the Sheffield Bank. The father's debt was not paid and the fifth note was not paid. Elbert H. Fowler died shortly before or about the time of the due date of the fifth note.

A dispute arose between the Sheffield Bank on one side and Thurmond Harris, his mother, and father on the other side. The Sheffield Bank filed suit in Case No. 2284 and prayed for foreclosure of the mortgage executed by Elbert H. Fowler in 1926.

In Case No. 2284, the complainant bank, in its bill of complaint, prayed, among other things, for an accounting between complainant and respondent Mary T. Harris, the mother of Thurmond Harris, in order to fix the respective amounts due to each of them on the mortgage indebtedness and the respective amounts due to complainant out of the sums heretofore paid by the mortgagor for the release of lots sold out of the mortgaged lands. The decree in Case No. 2284 ordered the sale of the mortgaged land and described the seventy-five acres by courses and distances in the language in which it was described in the mortgage. In the decree, the court set out the numbers of nineteen lots in the subdivision and stated that said nineteen lots had been released from the operation of the mortgage and were not included in the property to be sold. The lots thus excluded from the sale in Case No. 2284 do not include any of the forty-one lots involved in the instant case.

Many instruments taken from the record in Case No. 2284 were introduced as exhibits in the instant case, and the parties stipulated that the trial court would take judicial notice of the whole file in Case No. 2284.

In the instant case, respondents introduced in evidence six instruments executed by Thurmond Harris whereby, for $1.00 and other consideration, he undertook to release from the mortgage the forty-one lots in dispute and other lots. Two of the releases were filed for record in the office of the judge of probate in 1928. The other four releases were not filed for record until 1932, after the maturity of the fifth note, and after it had been negotiated to the Sheffield Bank.

Respondents claim as successors in title of Elbert H. Fowler, and it is the six releases executed by Thurmond Harris on which respondents must rely in order to sustain their claim of title to the forty-one lots in dispute.

On the trial of the case at bar, complainant introduced into evidence as complainant's Exhibit No. 26, pages 42 through 52 of an abstract, No. 77479, which show "THE PROCEEDINGS IN THE CASE OF JOHN W. JOHNSON, ETC, Vs. DANIEL L. FOWLER, IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA, IN EQUITY, NO. 2237." The respondent stated that abstract No. 77479 consists of 109 pages and introduced the abstract as respondents' Exhibit A.

The abstract is not before this court. In brief ·for complainant, counsel invoke the doctrine that ". . . . where there was evidence before the trial court, and not before us, which may have influenced it at arriving at the conclusion it reached, we cannot disturb that finding. (Citations omitted)." Eaton v. Shene, 282 Ala. 429, 430, 212 So.2d 596, 598, and authorities there cited.

The exhibits in the record before us show: deed from Thurmond Harris to Elbert H. Fowler; mortgage from Elbert H. Fowler to Thurmond Harris; the note executed by Elbert H. Fowler to Thurmond Harris due five years after its date, January 2, 1926, and the endorsement of the note by Thurmond Harris; much of the record in Case No. 2284 and the decree ordering foreclosure and sale; the register's deed to The Tennessee Valley Bank pursuant to the decree and foreclosure sale; a deed from The Tennessee Valley Bank to the Superintendent of Banks, and a correction deed from the State National Bank of Decatur, as successor of The Tennessee Valley Bank, to the Superintendent of Banks; two deeds from the Superintendent of Banks to William H. Martin, Jr., the complainant; and other instruments supporting the conveyances noted. This chain of conveyances appears to us sufficient to show title in complainant as against the alleged defects asserted by respondents. The deed from Thurmond Harris to Elbert H. Fowler in 1926 makes no mention of any trust or trustee. The decree of the Circuit Court of Colbert County, of February 14,

1931, was not introduced into evidence and is not before us. As we understand the evidence, respondents have failed to show how any title which could have remained in Elbert H. Fowler after foreclosure passed from him or his heirs to respondents. Under the doctrine of Eaton v. Shene, supra, and the many decisions which support it, we are not persuaded that we should disturb the finding that title is in complainant.

II.

■ The parties stipulated that the property in the case ". . . . had been doubly assessed and the taxes paid by Mr. Howard Fowler and Mr. William H. Martin for the past three tax years."

As to the matter of possession by complainant, the witness Alexander testified that he had been in possession of Lot 293, one of the lots in suit, and had placed a trailer with water facilities and septic tank on the lot; that he had occupied the same continuously since December 27, 1962; that Mr. Fowler gave the witness permission to put the trailer on the lot; that for about five. years the witness rented from Mr. Fowler; that in 1962 the witness stopped paying Mr. Fowler and started paying complainant; that after December 27, 1962, Mr. Fowler had not tried to put the witness off the lot.

Complainant testified that no one was in actual possession of the disputed lots, except that Alexander had a trailer on one of the lots; that the lots were unfenced and grown up in scrub oak and weeds; that there were no frame dwellings on the property in suit; that there was no habitation on the lots except for the trailer Alexander had on the lot. There is testimony in which it might be possible to find contradictions as to some of the matters testified to by complainant. If such a contradiction exists, the trial court found for complainant and against respondents.

"We have repeatedly held:

"'It is the duty of this court to indulge all reasonable presumptions in fa-

vor of the trial court's conclusions when the evidence is heard ore tenus. We cannot substitute our judgment on the effect of the evidence, dealing with the pivotal issue of fact in this cause, for that of the Chancellor. * * *'—Hyatt v. Compton, 262 Ala. 649, 652, 80 So.2d 650, 653." Templeton v. Hickman, 278 Ala. 75, 78, 175 So.2d 768, 771.

Error to reverse not being shown, the decree appealed from is affirmed.

Affirmed.

HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.