SHORES, Justice.
This appeal by Stagg, defendant below, involves the construction of a writing which concerned real estate originally belonging to Van Sant, plaintiff below. Van Sant claims that it is an executory sales contract and that Stagg breached the terms of the contract. Stagg claims that the writing was an unambiguous deed.
The evidence in this case was not transcribed and is not before us. Therefore, we take as true the findings of fact set out in the trial court’s final decree:
1. The original undertakings between Plaintiff and Defendant amounted to a lease by Plaintiff to Defendant of the subject real estate and improvements.
2. After occupancy by the Defendant of the premises for a period of time, as a leaseholder, Plaintiff executed to Defendant a writing which is not in the customary form of a deed.
3. According to the terms of the leasehold agreement and any agreement which the parties may have had between themselves for the sale and purchase of the subject property the Defendant, as consideration for the leasing or purported sale of the premises, was to make payments upon the mortgage which had previously been made and executed by Plaintiff upon the subject property, to be applied as rent or as payment for the leasing or purchasing of the property by Defendant.
4. Subsequent to the execution of the aforementioned document which purported to convey the premises from Plaintiff to Defendant, the Defendant violated the terms of the agreement by failing to make the mortgage payments which were later made by Plaintiff.
5.The Defendant abandoned the premises during and after the period when she was required to make the mortgage payments and Plaintiff, by order of this Court, was placed in legal possession of the premises and continues his possession thereof.
If the course of dealing between the parties be construed as a sale and purchase, Plaintiff is entitled to a vendor’s lien upon the premises. If the course of dealing between the parties resulted in a leasing of the premises, the leasehold interest of Defendant has been voluntarily abandoned and Plaintiff is entitled to possession as owner.
Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
A lot or parcel of land situated in the S.E. Vi of the S.E. Vi of Section 30, Township 16 South, Range 3 West, more particularly described as follows:
Commence at the Southwest corner of the above said quarter-quarter and run North along the West line for a distance of 148.05' feet to the point of beginning. Thence continue same distance of 132.0' thence run East for a distance of 148.05' feet, thence run South and parallel to the West line for a distance of 132.0' feet, thence run West for a distance of 148.05' feet to the point of beginning.
Also a strip of land 35.0' feet wide lying West of Lot # 1 Block “A” and Lot # 1 in Block “B” East Warner in the S.E. Vi of the S.E. Vi of Section 30, Township 16 South, Range 3 West;
Also Lot # 1 in Block “A” according to present plan and survey of East Warner as shown and designated on the duly recorded plat thereof in Volume 5, Page 10 of Map Books, in the Probate Office of Jefferson County, Alabama
and any right, title or interest claimed by Defendant is hereby divested from her and invested in Plaintiff.
The writing referred to in the trial court’s decree is as follows:
*622 I hereby sell the property in Jefferson County, Alabama to Alice Stagg for the total of $1.00, that includes the house and all. The property in the section that is known on file as the number 157938 through 157940. The house is mortgage [sic] through Mid-State Homes, Inc. account no. 252004.
Stagg brought a motion to vacate the decree and for a new trial. The motion was denied, and Stagg appealed to this Court, contending that the writing was a valid and unambiguous deed and that the court below erred in admitting extrinsic evidence and in misapplying the law as to vendors’ liens.
We do not agree with Stagg’s contentions and, finding no error by the trial court, affirm its judgment.
The court below heard the evidence in this case ore tenus. Its judgment, therefore, is presumed correct and will not be reversed on appeal unless we find it to be plainly and palpably wrong. Templeton v. Hickman, 278 Ala. 75, 175 So.2d 768 (1965). However, we would not have found any error even without the ore tenus presumption.
The court properly allowed the admission of parol evidence to ascertain the intention of the parties,_ as the writing which Stagg relies on was ambiguous. It was prepared by a layman, was not in the form of a deed, and was irregular in its contents. Parol evidence may be received to identify the property which the grantor intended to convey. Eufaula National Bank v. Pruett, 128 Ala. 470, 30 So. 731 (1900). The trial court found, and we agree, that the extrinsic evidence showed that the parties intended the writing to be either a lease or an executory sales contract, but not a deed. By either, Stagg was obligated to make mortgage payments and she failed to satisfy that obligation. Equity will not permit her to renege on her contractual obligations and then seek refuge in the parol evidence rule. Winslett v. Rice, 272 Ala. 25, 128 So.2d 94 (1961).
We find no error in the trial court’s holding that Van Sant is entitled to a vendor’s lien or to possession in the event that the agreement was a lease. The existence of a vendor’s lien does not always rest on a completed sale and the execution and delivery of a deed. Here Van Sant had the “lien which a vendor has before conveyance and which consisted of his retention of title as security for the performance of the contract by the vendee.” Wingard v. Randall, 269 Ala. 420, 113 So.2d 674 (1969). Thus, Van Sant retained title under an executory contract of sale and could enforce payment of the purchase money against Stagg. The lack of an express intent to reserve a vendor’s lien by Van Sant is immaterial, as the lien arises by legal implication. Carver v. Eads, 65 Ala. 190 (1880).
We, therefore, conclude that the circuit court did not err and we affirm its judgment.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.